STATE ex rel. E. B. DRAKE, Adm'r, v. J. B. CONNELLY et al.

*Appeal—Case—Counter-case—New Trial—Death of Judge Pending Settling of Case on Appeal—Charge in Writing—Request in Apt Time.*

1. The appellant served his case on appeal, and the appellee his counter-case, both in proper time. The Judge took the papers to settle the case, but died before it was done. The appellant moves in this Court for a new trial because the case has not been settled. The appellee asks to withdraw his case and leave the appellant's case to stand as the case on appeal: *Held,* the appellee's motion should be allowed.

2. When it appears, from inspection of the record, that the Court below refused to put its charge in writing, at the request of one of the parties made in apt time, a new trial will be granted by this Court.

3. When it appears that the prayer for instructions appeared in the wrong place in the record, and the Clerk, instead of copying it in the right place, refers to it, and this reference is immediately followed by the words, "His Honor declined all special instructions, and declined to put his instructions in writing, as requested, and defendants excepted," and this was followed by the charge of the Court, this Court will read the case as if the prayer had been written out in full at the place of reference.

This was a CIVIL ACTION, tried at May term, 1890, of IRE-DELL Superior Court, before *Shipp, J.*

The facts are set out in the opinion.

*Mr. D. M. Furches,* for plaintiff.
*Mr. W. M. Robbins,* for defendants.

SHEPHERD, J.: The appellant served his case on appeal, and the appellee his counter-case, both in proper time. The Judge took the papers to settle the case, but died before it was done. The appellant moves in this Court for a new trial on the ground that the case has not been settled. The appellee asks to withdraw his case and leave the appellant's

statement to stand as the case on appeal. We think the appellee's motion should be allowed. We do not see how the appellant can object to the statement made out by himself.

It is very evident, from an inspection of the record, that the defendant's prayer for instructions does not appear in its proper place in the transcript prepared by the Clerk. It is to be found on pages 16 and 17, and is immediately preceded by an order in the cause made at a former term by his Honor Judge Philips, and is succeeded by the verdict of the jury at September Term, 1890. In the case upon appeal, at the end of the statement of the evidence, the Clerk, instead of copying the prayer for instructions, refers to it as follows: "See pages 16 and 17." This is immediately followed by the words, "His Honor declined all said special instructions, and declined to put his instructions in writing, as requested, and defendants excepted." Then follows the charge of the Court. We must, therefore, read the case as if the prayer had been written out in full at the place of the reference, and thus it would appear that it was made in apt time—"at or before the close of the evidence." *The Code,* § 414. As one of the instructions asked was that the charge should be put in writing and read to the jury, the refusal to do so was very plainly a violation of the above provision of *The Code.* The defendants are, for this reason, entitled to a new trial.

Error.