### THE STATE v. ELIZABETH YOUNG.

*Charge in Writing.*

At the request of counsel, made in apt time, the Court must put its entire charge to the jury in writing, and it is error to charge them orally upon any point when they return into Court for instruction.

This was an INDICTMENT for homicide, tried at the Fall Term, 1892, of UNION Superior Court, before *Graves, J.*

There was a verdict of guilty, and defendant appealed upon the grounds set out in the opinion.

*The Attorney General,* for the State.
*Mr. R. H. Battle,* for defendant.

BURWELL, J.: The prisoner's counsel, in apt time, requested his Honor to put his "entire charge" in writing, and pursuant to this request the charge in chief was written out and read to the jury and they withdrew. The "case on appeal," which we must accept as an exact account of the proceedings on trial, states that after the jury had been out for some time, they "returned into Court and asked for further instruction as to the difference between manslaughter and murder,

and his Honor proceeded to comply with their request, but failed to reduce his charge to the jury to writing, as he had been requested to do, to which the defendant excepted."

In *Drake* v. *Connelly*, 107 N. C., 463, it was decided that the refusal to put the charge in writing and read it to the jury, if the request that this should be done was made in apt time, entitled a party in a civil suit to a new trial, for the reason that such refusal would be plainly a violation of *The Code*, § 414.

If this is true in a civil suit, much more is it true in a criminal action where life and liberty are involved. The question, then, is did his Honor fail or refuse to comply with this request.

We think a reasonable construction of this section of *The Code* requires that we should hold that a request that his Honor would reduce "his *entire* charge" to writing proffered to him at the close of the evidence, as was done in this case, was notice to him that the prisoner's counsel desired that all that he purposed saying to the jury *on the law as applicable to the facts*, both his original charge and any further instruction he might feel called upon to give the jury, should be written out and read to them. We do not think it was incumbent on the counsel to repeat his request when the jury came back into Court and asked for further instructions. He had reason to suppose, as we think, that if his Honor thought that the charge he had read to the jury covered the matter about which they seemed in doubt, he would content himself with re-reading that portion of his written charge which was applicable. And we think counsel was justified in presuming that if the request for additional instructions made him conclude that the charge which he had made was defective, or could be amplified so as the better to aid the jury, his Honor would make written amendments, so that then, if counsel thought best, the whole charge might be

given to the jury, as provided in chapter 137, Laws of 1885 (Clark's Code, page 390).

The case made out by the prisoner's counsel, and duly served on the representative of the State in this prosecution, and not excepted to, states that the prisoner's counsel entered an exception when this oral supplemental charge was so given. Whatever may be the facts, we must consider the case as it is presented to us in the record, and are not at liberty to assume that no such exception was *then* made, because we may feel sure that the learned Judge would certainly have put his supplemental instruction in writing if his attention had been called to the matter by an exception entered at the time.

We find that this view of the matter is sustained by the authorities. Mr. Thompson, in his work on Trials, sections 2375, 2376 and 2377, says: "Statutes exist in several of the States requiring the Judge to deliver his instructions to the jury in writing. These statutes are mandatory, and where they exist the giving of an oral instruction is error, for which a judgment will be reversed. They mean that the whole charge must be in writing, and that it should be delivered to the jury literally as it is written. * * * In short, all the cases agree that statutes of this kind, in criminal cases, where the accused is not presumed to waive any of his legal rights, must be strictly complied with. The Judge must, both in civil and criminal cases, deliver his charge to the jury *as it has been written*, and not write it out afterwards as he delivered it. Under such a statute it is not allowable for the Judge to give the chief instructions in writing, and then to add orally supplementary instructions asked for by the parties. Nor may he give written instructions to the jury and then explain or modify them orally. In like manner, under a statute requiring the Judge to charge the jury in writing, "if required by either party," it is error, where counsel have properly signified their desire that the charge should

be in writing, for the Judge to give a verbal charge, or to give a written charge, accompanied with verbal explanations or modifications. The charge, and every modification of it, must be in writing if required."

And in *Currie* v. *Clark*, 90 N. C., 355, it is said " that what he (the Judge) may tell the jury in matters of law for their information and guidance must be written and read, so he is not permitted to add to, take from, modify or explain what he delivered as his charge, for this would be to change, perhaps, the meaning which would otherwise be ascribed to the writing, and produce the very mischief intended to be remedied."

In *Wheatley* v. *West*, 61 Ga., 401, it is said of the provisions of the statute of that State, which are similar to ours, that " they entitle the counsel to have the written word instead of oral tradition. They provide for preserving and handing down the word as a sure and enduring memorial of what was actually delivered."

We think the prisoner is entitled to a new trial, and it is so ordered. New Trial.