N. T. RIDLEY v. SEABOARD & ROANOKE RAILROAD CO.

*Parctice on Appeal—Settlement of Case—Death of Judge.*

Where, on appeal, the case and counter-case were filed in time, but the trial Judge died before settling the case, the appellant, instead of a new trial being granted, may withdraw his case and have the appeal tried on the counter-case.

MOTION for writ of *certiorari.*

*Messrs. B. B. Winborne* and *R. B. Peebles,* for plaintiff. *Messrs. McRae & Day,* for defendent.

CLARK, J.:    The case on appeal and counter-case were served in time and the trial judge was promptly requested to settle the case. At the call of the docket at last term, being the first term of this Court which was begun after the trial below, the appellant docketed the record proper and asked for a *certiorari* to bring up the case on appeal. Counsel consented however that the cause

RAILROAD COMPANY *v.* LUMBER COMPANY.

might be continued to this term and that the "case on appeal" might be settled by the Judge at NASH Court, which was to be held by the Judge (*Graves*) who had tried the cause. His Honor died before he could do so. The appellant would be entitled, nothing more appearing, to have the case remanded for a new trial, but the appellee expresses a desire to withdraw its counter-case and try the appeal upon appellant's case. The appellant certainly has no ground to object to this. *Drake* v. *Connelly*, 107 N. C., 463. The trial Judge having died, either the appellee or appellant might on motion withdraw the case or counter-case and the appeal will be heard upon the statement of the case on appeal made by the opposite party. In such cases the party intending to withdraw the case (or counter-case) properly should notify the opposite party in time, so that the case may be printed and stand regularly for trial at the first term. This was not .done in this instance, but that there may be no unnecessary delay the case is set for hearing at the end of the docket at this term.

Motion Allowed.