PARKER *v.* COGGINS.

Motion of defendant for a writ of *certiorari*.

*Mr. W. W. Clark*, for plaintiff.
No counsel, *contra*.

### W. H. PARKER v. JAMES A. COGGINS.

*Practice—Appeal—Death of Judge before Settling Case
on Appeal—New Trial—Failure to Print Record,
When Not Laches.*

1. Where an appellant, having failed without laches on his part
   to get the case on appeal settled, docketed the record proper
   in this Court in apt time at the first Term after the trial
   below and instead of applying for a *certiorari* agreed with
   the appellee that the Judge should settle the case at a sub-
   sequent time, and the Judge died before the case was so
   settled, a new trial will be allowed the appellant.
2. In such case, the only alternative would be the withdrawal by
   the appellant of his case on appeal, or, by the appellee, of
   his counter-case, and the hearing of the appeal on the remain-
   ing case, as was done respectively in *Drake* v. *Connelly*, 107
   N. C., 463, and in *Ridley* v. *Railroad*, at this Term.

PARKER *v.* COGGINS.

3. In such case, it was not laches in the appellant to fail to print the record, since the appeal could not have been heard without the case settled, unless the appellee had given proper notice to the appellant that he would withdraw his counter-case and have the appeal heard on appellant's case.

*Mr. R. B. Peebles,* for plaintiff.
*Mr. T. W. Mason,* for defendant (appellant).

CLARK, J.: At the call of the district to which this case belongs, in October of last Term, being the first Term of this Court which began after the trial below, the appellant had docketed the record proper. It also appears that the lack of a "case settled on appeal" was without laches on appellant's part, the appellant's case and the counter-case having been served in due time and the Judge promptly notified so that he might name a time and place for settlement. Regularly, a *certiorari* should then have been asked for, but it was rendered unnecessary by the agreement of counsel in writing that the case on appeal should be settled by the Judge at VANCE Court, which time was afterwards, by another agreement of counsel, which is admitted, continued to NASH Court which began on the 19th of November. The Judge (*Graves*) died during the second week of the time allotted by law for said court during which term by the agreement the case was to be settled. But if the Judge had died after said term, an application for a *certiorari* was at no time necessary, since it appears in the affidavit of appellant and is admitted by appellee that the Judge was unable at any time after the beginning of Nash Court to discharge any of his duties on account of his mortal illness. Under these circumstances the appellant has used all due diligence. As it is impossible now to procure the case to be settled, the plaintiff is entitled to a new trial, *State* v. *Parks,* 107 N. C., 821, unless the appellee had

asked, as in *Drake* v. *Connelly*, 107 N. C., 463, to withdraw his counter-case and try the appeal on the appellant's statement of case on appeal, or the appellant had asked to withdraw his case and try the appeal on appellee's counter-case, *Ridley* v. *Railroad*, at this Term.

It was not laches to fail to print the record, since the appeal could not be heard without the case settled, unless the appellee had notified the appellant in time that he should withdraw his counter-case and ask to have the appeal heard upon appellant's statement of the case on appeal.

The case must be remanded to the end that there may be a new trial.

New Trial.