PHILLIPS v. WILMINGTON AND WELDON RAILROAD CO.

(Filed June 10, 1902.)

1. INSTRUCTIONS—*Judge—The Code, Sec. 414.*

A request that the trial judge "charge the jury in writing, and as follows" (here follow the prayers), is a request solely to deliver those instructions to the jury, and is not a request to put the entire charge in writing.

2. INSTRUCTIONS—*Exceptions and Objections—Assignment of Error—The Code, Sec. 414.*

Exception to failure to give instructions in writing must be made before verdict.

3. INSTRUCTIONS—*Judge—The Code, Sec. 414—Evidence.*

A request to give instructions in writing, under The Code, Sec. 414, does not require that the recapitulation of evidence be in writing.

ACTION by J. L. Phillips against the Wilmington and Weldon Railroad Company, heard by Judge *George H. Brown* and a jury, at October Term, 1901, of the Superior Court of BEAUFORT County. From a judgment for the plaintiff, the defendant appealed.

*Chas. F. Warren,* and *Rodman & Rodman,* for the plaintiff.
*Small & McLean,* for the defendant.

CLARK, J. At the close of the evidence the defendants handed up to the Court the following paper: "Defendant's prayers. The defendant requests the Court to charge the jury in writing, and as follows: First" (here follows ten prayers, duly numbered). The exception 3 is that the Court did not put the whole charge in writing. This is the sole point presented by the appeal, for exception 1 is abandoned; exception 2 is to allowing the witness to explain what he

meant by a remark which he testified he had made, and is without merit, and exception 4 is to refusal of a new trial for above alleged errors.

We think his Honor correctly held that the language of defendant's request "to charge the jury in writing, *and as follows,*" and entitled "Defendant's prayers," was a request under The Code, Sec. 415, solely to deliver those instructions to the jury, and was not a request to put the entire charge in writing, under the provisions of The Code, Sec. 414. The addition of the words, "and as follows," restricts the request to the written matter which followed. The defendant did not, at the conclusion of the charge, by exception or otherwise, indicate to the Judge that he expected the whole charge to be in writing, and if the defendant's counsel himself put such construction on his prayers, it would have been but just to the Judge and to the opposite party to have made that known while the matter could have been corrected, and not have waited till after verdict. By not excepting in apt time, objection was waived.

The charge seems to have been quite full and almost all in writing, a large part being the written requests to charge; but if there had been a request to put the charge in writing, it would have been the duty of the Judge to put his whole charge as to the law—but not the recapitulation of the evidence—in writing. *Bank v. Sumner,* 119 N. C., 591, and other cases collected in Clark's Code (3d Ed.), page 538.

No Error.