THORNTON v. HARRIS.,

(Filed March 13, 1906).

*Churches—Trustees—Vacancies—Deeds—Schools.*

1. The provisions of Revisal, sections 2670-1, which confer upon any church the right to appoint trustees to hold its property and to fill vacancies, etc., apply only to such property and not to property held in trust for a "Baptist church and for the education of the youths of the colored race."

2. In a contest between two committees, each claiming to be the rightful board of trustees, to hold the same title in trust for the same beneficial owner, the title does not come in controversy.

3. Upon the death of the last survivor of a board of trustees named in a deed for property to be used as a "Baptist church and for the education of the youths of the colored race," their successors will be appointed under Revisal, section 1037, by the clerk of the court.

4. Where a deed conveyed property "in trust for purposes of a school house for the education of freedmen and children irrespective of race," a lease of the property by the trustees for 200 years "to be used as a Baptist church and for the education of the youths of the colored race," is wholly unauthorized and in violation of the power conferred by the deed.

ACTION by M. F. Thornton and others against Jno. W. Harris and others, heard by *Judge B. F. Long* and a jury, at the September Term, 1905, of the Superior Court of WARREN. From a judgment for the plaintiffs, the defendants appealed.

*Tasker Polk* and *Pittman & Kerr* for the plaintiffs.
*Walter A. Montgomery* for the defendants.

CLARK, C. J.   On 11 March, 1870, S. P. Arrington conveyed to trustees named in the deed a certain lot in Warrenton "in trust, nevertheless, for the purposes of a site for a

school house to be used for the education of freedmen and children irrespective of race or color." On 9 September, 1874, a majority of the trustees named in the aforesaid deed executed a lease of said premises for 200 years to Lem Thornton and six others, as trustees, in consideration of twenty dollars, ten dollars thereof payable at the end of 100 years and the other ten dollars to be paid at the termination of lease, the rent to be "applied to school purposes" and the property "to be used as a Baptist church and for the education of the youths of the colored race." The property has ever since been so used. The three surviving trustees named in the deed of 1874 have filled the four vacancies caused by death, and these seven are the plaintiffs. The Baptist congregation (colored) which has been using the premises, in March, 1905, filled the four vacancies by an election by the congregation, and took possession of the property, and on 17 April, 1905, the congregation removed the three surviving trustees named in the lease of 1870, and elected three others in their stead. The seven trustees thus elected by the congregation are the defendants. The defendants claim the right of the congregation to thus fill vacancies and remove trustees at will under authority of Revisal, sections 2670, 2671, which confer upon any church the right to appoint trustees to hold its property, and to fill vacancies and remove trustees at will. The plaintiffs contend that such provisions apply only to church property and not to property held in trust "for the Baptist church and for the education of the youths of the colored race," and that for such purposes, it being not exclusively church property, the trustees appointed in the conveyance of 1874 should hold the property. This was correctly so held by His Honor.

It is true that in an action of ejectment the plaintiff must recover upon the strength of his own title. But, here, the title does not come into controversy. As was said in the similar case of *Simmons v. Allison,* 118 N. C., 767: "The nature of an action is not determined by the prayer, but by

the body of the complaint. * * * There is no element of the action of ejectment in this case, neither in fact nor technically." The beneficial owner and occupant, the congregation and the school, are the same, whether the plaintiffs are the rightful trustees or the defendants. The title is the same. The defendants have no title whatever, unless as substituted trustees they are entitled to take the place of the plaintiffs. The law, brushing aside technicalities, looks to the substance. Upon the facts alleged and proved, this is simply nothing more than a contest between two committees, each claiming to be the rightful board of trustees, to hold the same title in trust for the same beneficial owners. We adjudge that the defendants have no claim, it not being a trust purely for the church. The three plaintiffs, who were on the original board, are entitled to execute their trust—as against these defendants—and to the process of the court to be restored to their functions. Upon the death of the last survivor, their successors will be appointed by the clerk of the court. Revisal, section 1037.

But it may well be inquired into, upon proper proceedings and by the proper parties, whether the plaintiffs have any claim to hold the possession, upon their own showing, except against mere trespassers. The deed of 1870 conveyed the property "in trust for purposes of a school house for the education of freedmen and children irrespective of race." The lease of 1874 of the property for 200 years (at a rental of ten dollars, payable respectively one hundred and two hundred years after date) "to be used as a Baptist church and for the education of the youths of the colored race," is wholly unauthorized, and in violation of the power conferred by the deed of 1870. What effect, if any, the statute of limitations will have, and who are entitled to bring proceedings to enforce the trust, we need not now decide.

No Error.