SAWYER v. LUMBER COMPANY.

(Filed October 2, 1906).

*Charge in Writing—Exceptions and Objections—Recapitulation of Evidence.*

1. Where the defendant at the close of the evidence requested the Court "to put the charge to the jury in writing, and in part to charge the jury as follows," and the whole charge on the law was not put in writing, this entitles the defendant to a new trial.

2. Rev. sec. 536 does not require the recapitulation of evidence to be in writing.

3. An exception to the failure of the Judge to put his charge in writing, when asked "at or before the close of the evidence," is taken in time if first set out in the appellant's "case on appeal."

ACTION by J. L. Sawyer against Roanoke Railroad and Lumber Company, heard by *Judge Walter H. Neal* and a jury, at the February Term, 1906, of the Superior Court of Beaufort. From a judgment for the plaintiff, the defendant appealed.

*Nicholson & Daniel, Ward & Grimes,* and *H. C. Bragaw* for the plaintiff.
*Small & McLean* and *Murray Allen* for the defendant.

CLARK, C. J.   The defendant at the close of the evidence, and before the argument began, requested the Court "to put its charge to the jury in writing, and in part to charge the jury as follows"—here follows seventeen paragraphs of special instructions asked.   The whole charge on the law was not put in writing, and this entitles the defendant to a new trial, Rev., sec. 536, though this section does not require the recapitulation of evidence to be in writing. *Jenkins v. Railroad,* 110 N. C., 438; *Bank v. Sumner,* 119 N. C., 591. This exception, like all other exceptions to defects or errors in the charge, is taken in time if first set out in the appellant's

"case on appeal." *Drake v. Connelly,* 107 N. C., 463. It is like a failure to charge on a specific point when specially requested in writing, which is deemed excepted to, provided the exception is set out in the case on appeal. *State v. Blankenship,* 117 N. C., 808; *Taylor v. Plummer,* 105 N. C., 58; *McKinnon v. Morrison,* 104 N. C., 363.

This is not like *Phillips v. Railroad,* 130 N. C., 582, where the request to the Court was "to charge the jury in writing and as follows," which was held to be simply a request to give the written prayers which followed. Here the request is explicit to "charge the jury in writing" *and* as "part of its charge" to give the instructions specifically added. It is but just to the learned Judge who tried this case to add that he states that through inadvertence, in the haste of the trial, he did not observe that the prayer was to put his charge in writing, as well as to give the prayers subjoined. But as the statute gives a party a right to have the whole charge, as to the law, put in writing if asked "at or before the close of the evidence," we must direct a

New Trial.