STATE v. W. P. BLACK, OLLIE BIRD, AND ALGIE RICE.

(Filed 22 May, 1913.)

1. Instructions Requested to be Written—Omission of Judge—Procedure—Interpretation of Statutes.

The requirements of Revisal, sec. 536, are mandatory in criminal as well as in civil cases, and where a party has requested the judge to put his charge in writing, at or before the close of the evidence, and an exception is duly noted for his failure or refusal to do so, a new trial will be granted to the appellant.

2. Appeal and Error—Service of Case—Extension of Time to Serve —Written Agreement—Rules of Practice.

Any agreement for extension of time to serve case or counter-case on appeal must be in writing, or an agreement to that effect must appear of record, to be recognized in the Supreme Court; and where an appellee has waived any irregularity in the time for appellant to serve his case, he may not claim an extension of time, by an oral agreement, for service of his counter-case, when it is denied by the appellant that such an agreement was made. Rule 39, Supreme .Court, 140 N. C., 499.

APPEAL by defendants from *Long, J.,* at December Special Term, 1912, of BUNCOMBE.

S. *v.* BLACK.

Attorney-General Bickett and Assistant Attorney-General Calvert for the State.

J. Scroop Styles, W. P. Brown, and H. B. Carter for defendants.

WALKER, J. The defendants were charged in the court below with conspiracy. The prosecution originated in the police court of Asheville, by affidavit of C. G. Lanning and a warrant based thereon. Defendants were convicted in that court, and appealed to the Superior Court, where they were again convicted, and from the last judgment they have appealed to this Court.

It is unnecessary to consider the numerous exceptions in the case, as it appears therefrom that at the close of the evidence the defendants requested the judge to put his charge to the jury in writing, which he refused to do. Exception was duly taken to this ruling, and the same is assigned as error.

We are compelled by the statute and the decisions of this Court to sustain this exception. Revisal, sec. 536, provides: "Every judge, at request of any party to an action on trial, made at or before the close of the evidence, before charging the jury on the law, shall put his instructions in writing and read them to the jury; he shall then sign and file them with the clerk as a part of the record of the action." We have held that this provision of the law is mandatory, and if the judge fails to comply with a request duly made that he reduce his charge to writing, a new trial will be ordered, if proper exception is noted in the case on appeal. *Currie v. Clark,* 90 N. C., 355; *Drake v. Connelly,* 107 N. C., 463; *S. v. Young,* 111 N. C., 715; *S. v. Dewey,* 139 N. C., 564; *Sawyer v. Lumber Co.,* 142 N. C., 162. The question is not whether the record contains the instructions as actually delivered, there being no admission in regard to it, but whether the request was duly made and refused, and the refusal followed by an exception. The judge *must* comply with the request.

*S. v. Young,* 111 N. C., 715, is much like this case, and there *Justice Burwell* said: "In *Drake v. Connelly,* 107 N. C.,

463, it was decided that the refusal to put the charge in writing and read it to the jury, if the request that this should be done was made in apt time, entitled a party in a civil suit to a new trial, for the reason that such refusal would be plainly a violation of The Code, sec. 414. If this is true in a civil suit, much more is it true in a criminal action, where life and liberty are involved. The question, then, is, Did his Honor fail or refuse to comply with this request?" And again:. "The case made out by the prisoner's counsel, and duly served on the representative of the State in this prosecution, and not excepted to, states that the prisoner's counsel entered an exception when this oral supplemental charge was so given. Whatever may be the facts, we must consider the case as it is presented to us in the record, and are not at liberty to assume that no such exception was *then* made, because we may feel sure that the learned judge would certainly have put his supplemental instruction in writing if his attention had been called to the matter by an exception entered at the time." And in *Sawyer v. Lumber Co., supra, Chief Justice Clark* thus referred to the mandatory character of the statute: "It is but just to the learned judge who tried this case to add that he states that through inadvertence, in the haste of the trial, he did not observe that the prayer was to put his charge in writing, as well as to give the prayers subjoined. But as the statute gives a party a right to have the whole charge, as to the law, put in writing if asked 'at or before the close of the evidence,' we must direct a new trial."

We are satisfied that the careful and learned judge who presided at the trial must from some cause have been inadvertent to the request of counsel; but, as we have shown by the decided cases, even this is fatal to the verdict and judgment.

The State asked for a *certiorari,* so that the solicitor could file a counter-case on appeal, upon the ground that the defendants had filed their case with him after the time fixed by the agreement of the solicitor, who had waived this irregularity. It is alleged that there was an express agreement, and if not, then an implied agreement, that the solicitor should have more

time to file a counter-case, but this is denied by the defendant's counsel. Rule 39 (140 N. C., 499) provides that, "The Court will not recognize any agreement of counsel in any case, unless the same shall appear in the record, or in writing filed in the cause in this Court." We have repeatedly held that we will not undertake to settle disputes between counsel as to their oral agreements. *Mirror Co. v. Casualty Co.,* 157 N. C., 28. The defendants prepared and tendered their case, and service thereof was accepted. The solicitor filed no exception thereto, and did not serve any counter-case. We are, therefore, confined to the defendant's case on appeal as it appears in the record, and which was duly served and filed as required by law. *S. v. Young, supra.*

There is a question raised by defendants as to the final jurisdiction of the police court in this case, and as to the power of the Superior Court to try the case merely upon the affidavit and warrant. This objection, if tenable, may be obviated, perhaps, by requiring a bill to be sent to the grand jury and an indictment returned. But this is only a suggestion, to be followed or not, as may be deemed proper.

The error in refusing to write the charge and read it to the jury requires that a new trial be ordered.

New trial.