HELMA RECTOR, BY HER NEXT FRIEND W. L. RECTOR, V. CAPITOLA MANUFACTURING COMPANY.

(Filed 19 December, 1924.)

**Appeal and Error—Laches—Death of Trial Judge—New Trial.**

> Where the appellant to the Supreme Court has not been guilty of laches in presenting his appeal, and the death of the judge has prevented the settling of the case on appeal, as required by statute and rules of procedure in such instances, a new trial will be ordered.

ABOVE-ENTITLED action was commenced by the issuance of summons, dated 8 March, 1923. It came on for trial before *Ray, J.,* and a jury, at May Term, 1924 of MADISON.

There was a verdict for plaintiff. Defendant appealed from judgment in accordance with verdict. Appellant was allowed sixty days within which to prepare and serve case on appeal, and appellee sixty days thereafter to serve countercase or exceptions.

The case on appeal and countercase were served, respectively, within the time allowed. Both were sent to Judge Ray on 13 August, 1924, with notice that appellant and appellee were unable to agree on case on appeal. The judge was requested by appellant to fix time and place for settling the case before him, as provided by statute. In accordance with this request, the judge fixed time and place and so notified both appellant and appellee. On account of the death of a relative of attorney for appellee, by consent the time was continued and another day set by the judge. Thereafter the judge became sick and subsequently died. The case on appeal has not been agreed upon or settled. Appellant has caused the record in this case to be docketed in this Court, and now moves for a new trial, for the reason that the case on appeal has not been settled.

*John A. Hendricks for plaintiff.*
*Merrimon, Adams & Johnston for defendant.*

CONNOR, J. It appears from affidavits filed in this Court in support of appellant's motion that the case on appeal has not been agreed upon or settled; that there has been no laches on the part of appellant, but that on the contrary appellant has been diligent in its efforts to get the case on appeal settled in accordance with the statute and with the rules of this Court. The illness and untimely death of the judge has rendered it impossible for appellant to get the case on appeal settled, and it now moves for a new trial.

The motion is allowed, in accordance with the practice in this Court. *S. v. Parks*, 107 N. C., 821; *Parker v. Coggins*, 116 N. C., 71. The action must be remanded, in order that there may be a

New trial.