### J. C. METCALFE v. CHAMBERS & WEAVER COMPANY.

(Filed 19 December, 1924.)

**Appeal and Error—Laches—Death of Trial Judge—New Trials—Appellee Offers to Accept Appellant's Case.**

Offer of appellee to accept appellant's case does not, under the circumstances, vary the opinion in *Rector v. Mfg. Co., post,* 807.

ABOVE-ENTITLED action was commenced by summons, issued 23 February, 1924. It came on for trial at March Term, 1924, of MADISON, before *Ray, J.,* and a jury.

At the close of plaintiff's evidence, judgment was rendered, upon motion of defendant, as of nonsuit. Defendant also demurred *ore tenus*. Demurrer sustained. Plaintiff excepted and appealed to the Supreme Court. By consent, appellant was allowed until 19 May, 1924, to make and serve statement of case on appeal. Case on appeal was served 14 May, 1924. Appellee served countercase within time agreed upon. Thereafter, at the request of attorneys, Judge Ray fixed time and place for settling case on appeal. Attorneys for appellant and appellee appeared at said time and place, but the judge, being engaged in the trial of a cause, was unable to consider the matter, and thereupon, by consent, fixed another time and place. Attorney for appellant appeared at such time and place, but the judge was unable to be present. All the papers in the action were thereafter sent to Judge Ray at Waynesville, N. C., where he was holding court, during the month of July, 1924. No other or further notice of time or place was given to counsel by the judge.

The judge was engaged continuously in holding courts until on or about the first of October, when, on account of his ill health, he went to Johns Hopkins Hospital, in Baltimore, Md., where he died, on 6 October, 1924. No case on appeal has been agreed upon or settled. Appellant has caused the record of the action to be docketed in this Court, and now moves for a new trial. All the papers in the case were in the possession of Judge Ray at the time of his death. They have not been returned to appellant or his attorneys.

*John A. Hendricks and G. M. Prichard for plaintiff.*
*F. W. Thomas for defendants.*

CONNOR, J. It appears from affidavits filed in this Court in support of appellant's motion that the case on appeal has not been agreed upon or settled; that there has been no laches on the part of appellant, but that on the contrary appellant has been diligent in his efforts to get the case on appeal settled in accordance with the statute and with the rules of this Court. The illness and untimely death of the judge has rendered it impossible for appellant to get the case on appeal settled. Having docketed the case in this Court, he now moves for a new trial.

Appellee filed an affidavit in this Court, in which he offers to withdraw his countercase and accept appellant's case on appeal. Both the case on appeal and the countercase as filed with Judge Ray were in his possession at the time of his death. It does not appear that appellant and appellee have agreed that a copy of said case on appeal in the possession of either of them is a true copy of the case as filed with the judge. Judge Ray became ill while holding court, and left at once for

the hospital in Baltimore. Whether or not the papers in his possession can now be found does not appear. The offer of appellee to withdraw the countercase and to accept appellant's case on appeal as filed with the judge, or a copy of same, was not made until the hearing of the motion in this Court. Appellant has a right to have his appeal from the judgment of nonsuit reviewed by this Court. C. S., 632. This cannot be done without a statement of the evidence submitted at the trial. This cause, in accordance with the practice of the Court (*Rector v. Mfg. Co., post,* 807), must be remanded, in order that there may be a

New trial.