### STATE v. J. N. CANNON.

(Filed 16 April, 1947.)

**Criminal Law § 73d—**

> Where the death of the trial judge prevents settlement of case on appeal, and thereafter the solicitor offers to withdraw his exceptions to the defendant's statement and the Attorney-General in apt time moves in the Supreme Court that defendant's statement be taken as the case on appeal, the motion of defendant for a new trial will be denied and the motion of the Attorney-General allowed, defendant being in no position to complain of statement of case made out by himself. G. S., 15-180, G. S., 1-282, G. S., 1-283.

MOTION by defendant for new trial for want of statement of case on appeal and inability to secure same.

At the September Term, 1946, Wake Superior Court, before Thompson, J., and a jury, the defendant herein, J. N. Cannon, was prosecuted upon indictment charging him with subornation of perjury, which resulted in a verdict of guilty and sentence of three years in the State's Prison. From the judgment thus pronounced, the defendant gave notice of appeal to the Supreme Court.

Within the time allowed, or subsequently extended by the solicitor, the defendant duly served his statement of case on appeal. This was seasonably returned by the solicitor together with his exceptions and objections. Within fifteen days thereafter, and before the case and exceptions had been mailed to the judge with request to fix time and place for settling case before him, Judge Thompson met an untimely death at his home in Elizabeth City.

Thereupon, counsel for defendant filed with the Clerk of Wake Superior Court the record in the case showing an unsettled statement of the case on appeal, had the same certified to this Court, and moves here for a new trial agreeably to the usual practice in such cases. *S. v. Parks,* 107 N. C., 821, 12 S. E., 572; *Rector v. Mfg. Co.,* 188 N. C., 807, 125 S. E., 629. The motion was filed here on 29 March, 1947.

Thereafter on 1 April, 1947, the solicitor filed notice in the office of the Clerk of the Superior Court of Wake County, offering to withdraw his exceptions to the defendant's statement of case on appeal and to accept the defendant's statement thereof as the case on appeal.

Upon this notice and motion of the solicitor being certified here, the Attorney-General moves that the case be heard on the defendant's statement of case on appeal, disregarding the solicitor's abandoned exceptions and objections.

*Attorney-General McMullan and Assistant Attorney-General Moody for the State.*

*Edward F. Griffin and Yarborough & Yarborough for defendant.*

STACY, C. J. It is conceded that the defendant's right of appeal, G. S., 15-180, and his right to have the *case* made up, or a *postea* properly prepared, G. S., 1-282, 1-283, are not to be abridged, except through his own fault or laches. *S. v. Moore,* 210 N. C., 686, 188 S. E., 421. Here, however, the Attorney-General is asking that the exceptions and objections filed by the solicitor (and later abandoned by him) be withdrawn and thus leave the defendant's statement as the case on appeal. This accords with the decisions on the subject. *Drake v. Connelly,* 107 N. C., 463, 12 S. E., 251; *Parker v. Coggins,* 116 N. C., 71, 20 S. E., 962; *Ridley v. R. R.,* 116 N. C., 923, 20 S. E., 962. *Cf. Metcalfe v. Chambers,* 188 N. C., 805, 125 S. E., 630. "We do not see how the appellant can object to the statement made out by himself." *Drake v. Connelly, supra.*

Motion of defendant, Denied.

Motion of Attorney-General, Allowed.