STATE v. CLARENCE HILL, WILEY McRAE AND JESSE WATKINS.

(Filed 13 December, 1944.)

**Perjury § 3—**

Where defendant in a criminal prosecution, having gone upon the stand and sworn that he was not the person served by the officer and that it was a case of mistaken identity, was convicted, a subsequent prosecution and conviction for perjury, based upon such evidence, will not be disturbed.

APPEAL by defendant from *Hamilton, Special Judge,* at February Term, 1944, of GUILFORD. No error.

Criminal prosecution on bill of indictment charging the crime of perjury.

This cause was here at the Fall Term, 1943. See *S. v. Hill,* 223 N. C., 711, where the facts are fully stated.

When the case again came on for trial in the court below there was a verdict of "guilty as charged." The court pronounced judgment on the verdict and defendant Hill appealed.

*Attorney-General McMullan and Assistant Attorneys-General Rhodes and Moody for the State.*
*P. W. Glidewell, Sr., and Kermit Hightower for appellant.*

BARNHILL, J. The defendant admitted he testified under oath in the original hearing that he was not the person operating a taxi stopped by an officer, that he was not present, and that he did not receive a citation at that time for speeding. His testimony in this respect was material to the issue then being tried. He insists even now it is a case of mistaken identity. Hence his trial on the charge of perjury centered around the issue of identity and that issue has been resolved against him.

The charge of the court construed in the light of the admissions made by defendant is without error. Defendant's other exceptions fail to disclose cause for disturbing the verdict. The judgment must stand.

No error.