STATE v. ORA CHANEY.

(Filed 12 January, 1962.)

Perjury §§ 1, 5—

    That the false testimony be material to an issue or point in question is essential to constitute such false testimony the basis of a prosecution for perjury, and therefore proof that in a prosecution of her son for larceny defendant falsely swore that she, her son, and a third person were together at a time prior to and at a time subsequent to the time the theft was committed, is insufficient to support a prosecution for perjury when the State admits that such testimony did not tend to establish an alibi.

APPEAL by defendant from *Hooks, Special Judge,* 13 February 1961 Criminal Term of GUILFORD, High Point Division.

This is a criminal prosecution upon a bill of indictment charging the defendant, Ora Chaney, with perjury in connection with her testimony as a witness at the trial of her son, Bennie Raeford Chaney, on 21 July 1960, in the Superior Court of Guilford County, High Point Division. At that trial, Bennie Raeford Chaney was charged with the theft of two fender skirts from an automobile parked beside the plant of the Marsh Furniture Company on Kearns Street in High Point on 23 June 1960.

It was alleged in the bill of indictment that Ora Chaney falsely asserted under oath that "one Bobby Ray Beeson came to her house at about the hour of 12:30 P.M. on the 23rd day of June, 1960, and that the said Bobby Ray Beeson together with her son, Bennie Raeford Chaney, took her to the Arcade Beauty Shop in High Point, North Carolina and that the said Bobby Ray Beeson and Benny Raeford Chaney together and in the company of each other met her at the Yellow Top Cab Stand at about the hour of 2:00 P.M. on the 23rd day of June, 1960, and from the said Yellow Top Cab Stand the three of them, together and in the company of each other took the said Bobby Ray Beeson to his home on Fairfield Avenue in High Point, North

Carolina, which statements were material to the issue then and there being tried in the aforesaid court, and Ora Chaney well knew said statements to be false, or was ignorant whether or not said statements were true * * *."

The State offered in evidence a transcript of the defendant's testimony in the trial of her son. The portion of her testimony in the former trial, upon which the State relies in this action to support its charge of perjury, was essentially as follows: That on 23 June 1960, Bennie Raeford Chaney, her son, and Bobby Ray Beeson, came to her home driving the defendant's 1951 Buick automobile about 12:30 p.m. and took her to the Arcade Beauty Shop and that they later picked her up between 2:00 and 2:15 p.m. at the Yellow Top Cab Stand; that it was understood that if the two boys were not at the beauty shop when she got out she would wait for them at the Yellow Top Cab Stand; that the cab stand was about two and one half blocks from the beauty shop; that they went directly from her home to the beauty shop, and after she was picked up they went straight home. She further testified that they let Bobby Ray Beeson out at his home; that he lives right above her house.

The State offered evidence tending to show that Bobby Ray Beeson was not with Ora Chaney and her son at the time indicated by the defendant's testimony at her son's trial. Rather, the State's evidence tended to show that Bobby Ray Beeson was working in the shipping department of the Carrick Turning Works in High Point from 12:15 p.m. to 5:00 p.m. on the afternoon of 23 June 1960.

The defendant interposed a motion for judgment as of nonsuit at the close of the State's evidence. The motion was denied. The defendant rested without offering any evidence and renewed her motion for judgment as of nonsuit which was again denied. The jury returned a verdict of guilty as charged in the bill of indictment.

From the judgment imposed on the verdict the defendant appeals, assigning error.

*Attorney General Bruton, Asst. Attorney General McGalliard for the State.*

*Haworth, Riggs, Kuhn & Haworth for defendant.*

DENNY, J. The defendant assigns as error the failure of the trial court to sustain her motion for judgment as of nonsuit made at the close of the State's evidence and renewed at the close of all the evidence.

The assignment of error is based on the contention that the testi-

mony of this defendant given at the trial of her son was not material to the issue then and there being tried.

G.S. 14-209 reads as follows: "If any person shall willfully and corruptly commit perjury, on his oath or affirmation, in any suit, controversy, matter or cause, depending (sic) in any of the courts of the State, or in any deposition or affidavit taken pursuant to law, or in any oath or affirmation duly administered of or concerning any matter or thing whereof such person is lawfully required to be sworn or affirmed, every person so offending shall be guilty of a felony and shall be fined not exceeding one thousand dollars, and imprisoned in the county jail or State's prison not less than four months nor more than ten years."

It is well established that one of the essential elements of the crime of perjury is that the false statement must be material to an issue or point in question. S. v. Cline, 150 N.C. 854, 64 S.E. 591; S. v. Hill, 224 N.C. 782, 32 S.E. 2d 268; S. v. Smith, 230 N.C. 198, 52 S.E. 2d 348; S. v. Lucas, 244 N.C. 53, 92 S.E. 2d 401; S. v. Arthur, 244 N.C. 582, 94 S.E. 2d 646; S. v. Lucas, 247 N.C. 208, 100 S.E. 2d 366.

In S. v. Smith, supra, Devin, J., later C.J., said: "In accord with the common law definition and the statutes extending its application, it has been uniformly held that the elements essential to constitute perjury are substantially these: a false statement under oath, knowingly, wilfully and designedly made, in a proceeding in a court of competent jurisdiction, or concerning a matter wherein the affiant is required by law to be sworn, as to some matter material to the issue or point in question (citing numerous authorities). To constitute materiality essential to sustain a charge of perjury the false testimony must be so connected with the fact directly in issue as to have a legitimate tendency to prove or disprove such fact. * * *"

Applying this rule to the facts revealed by the record in this case, we do not think the evidence relied upon by the State to support its charge of perjury was material to the issue for decision in the former trial. The State concedes in its brief that the defendant's testimony set forth in the indictment would not have the effect of providing an alibi for her son. Furthermore, the State's evidence fixed the time of her son's theft at "close to 1:30 P.M." on 23 June 1960. The defendant in her testimony fixed the time her son picked her up at the cab stand as being between 2:00 and 2:15 p.m. The State's evidence fixed the driving time from the plant of Marsh Furniture Company on Kearns Street to the Yellow Top Cab Stand as an easy drive of about five minutes. The further fact that the State's evidence tended to disprove the presence of Bobby Ray Beeson with Bennie Raeford Chaney

in the defendant's Buick automobile at any time during the afternoon of 23 June 1960, had no material bearing on the question at issue in the larceny trial of Bennie Raeford Chaney.

We hold that the defendant was entitled to have her motion for nonsuit allowed, and, accordingly, the judgment is

Reversed.