STATE v. INEZ SAILOR.

(Filed 7 April, 1954.)

**1. Perjury § 4—**

Subornation of perjury consists in procuring another to commit the crime of perjury, and in a prosecution for subornation the State must prove the guilt of the suborned person of the offense of perjury as well as defendant's guilt of procuring him to commit the crime. G.S. 14-210.

**2. Perjury § 1—**

Perjury is a false statement under oath, knowingly, willfully and designedly made, in a proceeding in a court of competent jurisdiction, or concerning a matter wherein the affiant is required by law to be sworn, as to some matter material to the issue or point in question.

**3. Perjury § 7—**

> In a prosecution for perjury the falsity of the oath must be established by the testimony of two witnesses or by one witness and corroborating circumstances.

**4. Same—**

> Where in a prosecution for subornation of perjury there is evidence that the suborned person made conflicting statements under oath in separate trials, but there is no evidence tending to show which of the statements was false, the evidence is insufficient to convict defendant of subornation of perjury in regard to one of such statements.

APPEAL by defendant from *Pless, J.,* at October Term, 1953, of CABARRUS.

Criminal prosecution upon bill of indictment charging defendant with the crime of subornation of perjury in manner and form alleged.

Defendant pleaded not guilty.

Verdict: Guilty as charged in the bill of indictment.

Judgment: Confinement in the Women's Division of the State's Prison and assigned to do such work as she is capable of performing for not less than three nor more than five years.

Defendant excepted thereto and appeals therefrom to the Supreme Court and assigns error.

*Attorney-General McMullan, Assistant Attorney-General Love, and William P. Mayo, Member of Staff, for the State.*

*M. B. Sherrin for defendant, appellant.*

WINBORNE, J. Subornation of perjury, the crime of which defendant stands convicted, consists in procuring another to commit the crime of perjury. G.S. 14-210. *S. v. Chambers,* 180 N.C. 705, 104 S.E. 670; *S. v. Cannon,* 227 N.C. 336, 42 S.E. 2d 343; *Bell v. State,* 5 Ga. App. 701, 63 S.E. 860.

The principle is aptly stated by *Hill, C. J.,* in the *Bell case, supra,* in this manner: "The crime of subornation of perjury consists of two elements—the commission of perjury by the person suborned, and willfully procuring or inducing him to do so by the suborner. The guilt of both the suborned and the suborner must be proved on the trial of the latter. The commission of the crime of perjury is the basic element in the crime of subornation of perjury."

Perjury, as defined by common law and enlarged by statute in this State, G.S. 14-209, is "a false statement under oath, knowingly, willfully and designedly made, in a proceeding in a court of competent jurisdiction, or concerning a matter wherein the affiant is required by law to be sworn,

as to some matter material to the issue or point in question." *S. v. Smith,* 230 N.C. 198, 52 S.E. 2d 348; and cases cited.

And in a prosecution for perjury it is required that the falsity of the oath be established by the testimony of two witnesses, or by one witness and corroborating circumstances,—adminicular circumstances, as the late *Chief Justice Stacy* was wont to say, if you please,—sufficient to turn the scales against the defendant's oath. *S. v. Rhinehart,* 209 N.C. 150, 183 S.E. 388; *S. v. Hill,* 223 N.C. 711, 28 S.E. 2d 100; *S. v. Webb,* 228 N.C. 304, 45 S.E. 2d 345. See also *S. v. Peters,* 107 N.C. 876, 12 S.E. 74; *S. v. Hawkins,* 115 N.C. 712, 20 S.E. 623; *S. v. Sinodis,* 205 N.C. 602, 172 S.E. 190.

In the *Hill case, supra,* this Court, in opinion by *Seawell, J.,* declared: "The requirement as to the strength of such evidence is variously expressed. Practically all of the opinions require it to be of direct and independent force." See Anno. 111 A.L.R. 825.

In the light of these principles and rules of evidence, applied to the evidence offered upon the trial in Superior Court, as shown in the record on this appeal, taken in the light most favorable to the State, the Court is constrained to hold, at the threshold, that proof of the falsity of the oath charged is lacking. All that the evidence tends to show is that the alleged suborned witness at one trial swore, and at another time stated, that she did not purchase from defendant the whiskey found in her possession, and that she, on another trial swore, and at other times stated, that she did purchase the whiskey from defendant. And while there is testimony of officers, admitted for the purpose of corroboration, and tending to corroborate her as to what she had testified and stated, there is no evidence of corroborating circumstances tending to show which statement was false. Indeed, the Attorney-General, in brief filed here, states: "It is true that all the evidence presented goes directly back to the State's witness . . . the alleged suborned perjurer." There is no evidence of any independent circumstance. Hence, motion of defendant for judgment as of nonsuit entered at the close of the State's evidence should have been sustained.

Therefore, the judgment below is

Reversed.