### STATE v. PRESTON LUCAS.

(Filed 2 May, 1956.)

**1. Perjury § 4—**

Subornation of perjury consists in procuring another to commit the crime of perjury. G.S. 14-210.

**2. Perjury § 5—**

Since the commission of perjury by another is the basic element in the crime of subornation of perjury, the statutes, G.S. 15-145 and G.S. 15-146, must be read together. Therefore, an indictment for subornation of perjury which fails to set out the matter alleged to have been falsely sworn by the person suborned and fails to allege that the suborner knew such to be false or that he was ignorant whether or not it was true, is fatally defective.

**3. Criminal Law § 82—**

A motion in arrest of judgment may be made in the Supreme Court upon the hearing of the appeal. Rule of Practice in the Supreme Court No. 21.

**4. Criminal Law § 56—**

Where the indictment is fatally defective, the Supreme Court will arrest the judgment either on motion or *ex mero motu*, and the arrest of judgment vacates the verdict and sentence, but does not preclude the State from instituting a subsequent prosecution upon a new and sufficient bill, if it so desires.

JOHNSON, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Williams, J.,* at 5 December, 1955 Term, of JOHNSTON.

Criminal prosecution upon a bill of indictment for subornation of perjury.

The bill charges: ". . . that Preston Lucas late of the County of Johnston, on the......... day of November in the year of our Lord one thousand nine hundred and fifty-five, with force and arms at and in the County aforesaid, unlawfully, willfully and feloniously (did) procure one J. D. Stancil to willfully and corruptly commit the felony of perjury in a criminal action tried in the Recorder's Court of Selma, N. C., wherein the said Preston Lucas was charged with the unlawful operation of a motor vehicle upon the public streets of the town of Selma, while under the influence of some intoxicant, against the form of the statute in such case made and provided and against the peace and dignity of the State."

Upon trial in Superior Court the jury returned a verdict of guilty as charged in the bill. The judgment on the verdict is that defendant be confined in the State Prison at Raleigh for a term of not less than five years and not more than seven years. Defendant appeals therefrom to Supreme Court, assigning as error that the sentence imposed is excessive, and that the bill of indictment is fatally defective.

*Attorney-General Rodman, Assistant Attorney-General Robert E. Giles, and F. Kent Burns, Staff Attorney, for the State.*
*W. H. Yarborough for defendant, appellant.*

WINBORNE, J. Defendant, appellant, files in this Court "motion and brief" in which he moves the Court to arrest judgment in this cause for that the bill of indictment is fatally defective, and the argument submitted is in support of the motion. Thus the question: Is the bill of indictment fatally defective? Yes, it is!

In this connection subornation of perjury, the crime of which defendant stands convicted, consists in procuring another to commit the crime of perjury. G.S. 14-210. *S. v. Chambers,* 180 N.C. 705, 104 S.E. 670; *S. v. Cannon,* 227 N.C. 336, 42 S.E. 2d 343; *Bell v. State,* 5 Ga. App. 701, 63 S.E. 860; *S. v. Sailor,* 240 N.C. 113, 81 S.E. 2d 191.

The principle is aptly stated by *Hill, C. J.,* in the *Bell case, supra,* in this manner: "The crime of subornation of perjury consists of two elements—the commission of perjury by the person suborned, and willfully procuring or inducing him to do so by the suborner. The guilt of both the suborned and the suborner must be proved on the trial of the latter. The commission of the crime of perjury is the basic element in the crime of subornation of perjury." See *S. v. Sailor, supra.*

Perjury, as defined at common law and enlarged by statute in this State, G.S. 14-209, is "a false statement under oath, knowingly, willfully and designedly made, in a proceeding in a court of competent jurisdiction, or concerning a matter wherein the affiant is required by

law to be sworn, as to some matter material to the issue or point in question." *S. v. Smith*, 230 N.C. 198, 52 S.E. 2d 348, and cases cited; also *S. v. Sailor, supra.*

Indeed this statute, G.S. 14-209, declares in pertinent part that "if any person shall willfully and corruptly commit perjury, on his oath or affirmation, in any suit, controversy, matter or cause, depending in any of the courts of this State, . . . every person so offending shall be guilty of a felony," and fined and imprisoned as there indicated.

And the statute G.S. 14-210, pertaining to a subornation of perjury, declares that "if any person shall, by any means, procure another person to commit such willful and corrupt perjury as is mentioned in G.S. 14-209, the person so offending shall be punished in like manner as the person committing the perjury."

And the General Assembly of 1889 passed an act (Chapter 83) to simplify indictments for perjury. This act has been brought forward in the various subsequent codifications, and is now a part of G.S. 15-145. This section provides that "in every indictment for willful and corrupt perjury it is sufficient to set forth the substance of the offense charged upon the defendant, and by what court, or before whom, the oath was taken (averring such court or person to have competent authority to administer the same), together with the proper averments to falsify the matter wherein the perjury is assigned," without setting forth several enumerated items constituting the judgment roll, so to speak, of the case. And then it is declared that "In indictments for perjury the following form shall be sufficient, to wit:

> "The jurors for the State, on their oath, present that A. B., of ................County, did unlawfully commit perjury upon the trial of an action in........ ......Court, in........ .......County, wherein. . . .. . . ... was plaintiff and .......... ...was defendant, by falsely asserting, on oath (or solemn affirmation) (here set out the statement or statements alleged to be false), knowing the said statement, or statements, to be false, or being ignorant whether or not said statement was true."

And this Court, speaking of the Chapter 83, Laws of 1889, in the case of *S. v. Flowers*, 109 N.C. 841, 13 S.E. 718, had this to say: "The form of indictment provided by the act in question has been sustained by this Court in *S. v. Gates*, 107 N.C. 832, and *S. v. Peters*, 107 N.C. 876. The effect of the act is not to change in any respect the constituent elements of perjury nor the nature or mode of proof. It only relieves the State from charging in the indictment the details, or rather the definition of the offense, and makes it sufficient to allege that the defendant unlaw-

fully committed perjury, charging the name of the action and of the court in which committed, *setting out the matter alleged to have been falsely sworn and averring further that the defendant knew such to be false, or that he was ignorant whether or not it was true."* (Italics ours.)

And the General Assembly has provided by statute, G.S. 15-146, that "in every indictment for subornation of perjury, or for corrupt bargaining or contracting with others to commit willful and corrupt perjury, it is sufficient to set forth the substance of the offense charged upon the defendant, without setting forth" several enumerated items constituting the judgment roll, so to speak, of the case.

Therefore since "the commission of the crime of perjury is the basic element in the crime of subornation of perjury" it is appropriate to read the two statutes, G.S. 15-145 and G.S. 15-146, in reference to each other. And if it be essential to charge the offense of perjury in conformity to the form of indictment prescribed in the statute, it would seem equally clear that in an indictment charging subornation of perjury the crime of perjury the basis therefor is required to be set forth in conformity to the form of indictment so prescribed.

Hence, testing the bill of indictment in case in hand by the form of bill prescribed by the General Assembly, it is seen that the indictment is in fact defective in that it does not, as required, set out either the false statement or statements defendant is alleged to have procured another to make, or that defendant knew said statement to be false, or that he was ignorant whether or not said statement was true. These omissions are fatal to the bill. In their absence the bill fails to allege a criminal offense. Therefore the motion in arrest of judgment must be followed.

It is well settled that a motion for the arrest of a judgment of the Superior Court in a criminal action tried in that court may be made in the Supreme Court at the hearing of an appeal from the judgment of the Superior Court. Rule 21 of Rules of Practice in the Supreme Court, 221 N.C. 544, at 558. See *S. v. Watkins*, 101 N.C. 702, 8 S.E. 346; *S. v. Marsh*, 132 N.C. 1000, 43 S.E. 828, and numerous other cases, including *S. v. Greer*, 238 N.C. 325, 77 S.E. 2d 917. Indeed, the defect appearing upon the face of the record, this Court will in such case arrest the judgment of its own motion. See *S. v. Thorne*, 238 N.C. 392, 78 S.E. 2d 140; *S. v. Stonestreet*, 243 N.C. 28, 89 S.E. 2d 734; *S. v. Strickland*, 243 N.C. 100, 89 S.E. 2d 781.

"The legal effect of arresting the judgment," as stated in opinion by *Parker, J.,* in the *Strickland case, supra,* "is to vacate the verdict and sentence, and the State may proceed against defendant, if it so desires, upon a new and sufficient bill of indictment," citing cases.

Judgment arrested.

JOHNSON, J., took no part in the consideration or decision of this case.