## STATE v. ROBERT P. ARTHUR.

(Filed 10 October, 1956.)

**1. Perjury § 1—**

Perjury is a false statement under oath, knowingly, willfully and designedly made, in a proceeding in a court of competent jurisdiction, or concerning a matter wherein the affiant is required by law to be sworn, as to some matter material to the issue or point in question. G.S. 14-209.

**2. Perjury § 8—**

In a prosecution for perjury, it is prejudicial error for the court to fail to instruct the jury that in order to convict they must find guilt beyond a reasonable doubt from the evidence of at least two witnesses, or from the evidence of one witness together with other evidence of corroborating circumstances.

**3. Criminal Law § 85a: Judgments § 20—**

After the granting of a new trial, defendant may move in the lower court for correction of the minutes, without prejudice to his right to be heard on the question of former jeopardy if no verdict had been returned.

JOHNSON, J., not sitting.

BOBBITT, J., concurs in result.

APPEAL by defendant from *Sink, E. J.,* at 7 May, 1956 Regular Schedule "B" Criminal Term, of MECKLENBURG.

Criminal prosecution upon a bill of indictment charging that Robert P. Arthur did on 3 August, 1953, feloniously, willfully and unlawfully commit perjury upon the trial of an action in the August Term 1953 of Superior Court of Mecklenburg County, wherein he was plaintiff and Rochelle P. Arthur was defendant, in manner specifically set forth.

Upon the trial in Superior Court the State offered evidence tending to support the charge with which defendant is indicted. And the case on appeal recites that "the entry recorded in the Minute Book No. 17 at page 632, Mecklenburg County, office of the Clerk of Superior Court, is set out below:

" 'The defendant through his counsel C. M. Llewellyn enters a plea of not guilty to the above charge. The jury . . . (naming them) being duly sworn and impaneled to try the issue between the State and defendant, find the defendant guilty as charged with the recommendation of mercy. The judgment of the court is that the defendant be confined in the State's Prison at Raleigh, North Carolina, for a term of not less than two (2) nor more than three (3) years to be assigned to work as provided by law under the supervision of the State Highway and Public Works Commission. Notice of appeal given in open court.' "

And these entries of appeal appear over the signature of the Presiding Judge: "Upon the coming in of the verdict, defendant moves to set aside the verdict as being against the greater weight of the evidence and for a new trial. Motion overruled. The defendant excepts. Exception #55.

"Defendant moves for a new trial as a matter of law, for errors committed in the progress of the trial. Motion overruled. Defendant excepts. Exception #56.

"Judgment pronounced as set out in the record. To the judgment as pronounced, the defendant objects. Objection overruled. Defendant excepts. Exception #57.

"The defendant appeals to the Supreme Court of North Carolina, upon errors assigned and to be assigned. Notice of appeal given in open court; further notice waived. Exceptions 58, 59, 60, 61."

And the record contains the following: "After some deliberation, the jury returned for further instructions: 'Your Honor, we'd like to ask if it's within our province to recommend mercy?'

"Court: (E) 'It is within the province of the jurors in any criminal action tried in the State of North Carolina to make a recommendation of mercy.'" (E) Exception #52. Defendant excepts to the final instruction given by the Court, above set forth between (E) and (E).

Then the case on appeal contains, "as taken from the certified transcript of the Court Stenographer Opal W. Blair," the following in respect to the taking of the verdict, and the form of judgment:

"Verdict:

"Court: 'Lady and Gentlemen of the jury, have you agreed upon a verdict?'

"Jury: 'We have.'

"Court: 'Guilty?'

"Jury: 'We'd like to recommend mercy.'

"Judgment:" (Identical with the language shown in the minutes of the court.)

Note: The above appears to be basis for the motion to correct minutes of the Superior Court, which is the subject of *S. v. Arthur, post*, 586.

In instant case defendant appeals and assigns error.

*Attorney-General Patton and Assistant Attorney-General McGalliard for the State.*

*C. M. Llewellyn, Ann Llewellyn Greene, and E. T. Bost, Jr., for Defendant Appellant.*

WINBORNE, C. J. Perjury, as defined by common law and enlarged by statute in this State, G.S. 14-209, is "a false statement under oath, knowingly, willfully and designedly made, in a proceeding in a court of competent jurisdiction, or concerning a matter wherein the affiant is required by law to be sworn, as to some matter material to the issue or point in question." *S. v. Smith*, 230 N.C. 198, 52 S.E. 2d 348, and cases there cited. See also *S. v. Sailor*, 240 N.C. 113, 81 S.E. 2d 191.

And in a prosecution for perjury it is required that the falsity of the oath be established by the testimony of two witnesses, or by one witness and corroborating circumstances, "adminicular" circumstances, as the

late *Chief Justice Stacy* was wont to say, if you please, sufficient to turn the scales against the defendant's oath. *S. v. Rhinehart,* 209 N.C. 150, 183 S.E. 388; *S. v. Hill,* 223 N.C. 711, 28 S.E. 2d 100; *S. v. Webb,* 228 N.C. 304, 45 S.E. 2d 345; *S. v. Sailor, supra,* and cases there cited.

Indeed, in the *Hill case, supra,* in opinion by *Seawell, J.,* this Court said: "Conceivably, the uncorroborated testimony of one witness might produce in the minds of the jury the satisfaction to a moral certainty of the guilt of the accused; in other words, convince the jury beyond a reasonable doubt of such guilt; but it is not sufficient in law, and the instruction, therefore, that if the jury is so satisfied from the evidence beyond a reasonable doubt they should return a verdict of guilty, while a satisfactory formula, in most cases, disregards conditions which the law declares essential to conviction of perjury, and therefore is not adequate."

In the case in hand appellant invokes this principle, and excepts to the charge, Exception 58, on the ground that the trial Judge failed to instruct the jury in compliance therewith. And the State through the Attorney-General in brief filed in this Court frankly states that "Although the State offered evidence of the crime of perjury through at least two witnesses and a number of corroborating circumstances, it is true the court failed to charge the jury to the effect that, in order to find the defendant guilty, it must find guilt beyond a reasonable doubt from the evidence of at least two witnesses, or from the evidence of one witness together with other evidence of corroborating circumstances."

And it is further conceded that "the State is unable to distinguish the instant case from that" of *S. v. Hill, supra,* and cases there cited.

While the case on appeal discloses sufficient evidence to take the case to the jury, and to withstand the motion for nonsuit,—for error thus confessed by the State there must be a new trial. Hence it is deemed unnecessary to consider other assignments of error.

However, defendant contends that the minutes of the Superior Court as hereinabove set forth do not reflect truly what transpired in the return made by the jury in respect to a verdict; and that the true facts are as reported by the Court Reporter. In accordance therewith defendant made a motion at the June Term 1956 for correction of the minutes to speak the truth. The case was then pending in Supreme Court on this appeal. Therefore the Judge declined to hear the motion. Defendant has undertaken to appeal. See *S. v. Arthur, post,* 586.

In granting a new trial, it is without prejudice to defendant to move, and to be heard, and to have the facts found, on his motion for correction of the minutes. If no verdict was rendered, the new trial here granted shall not prejudice defendant with respect to his right to be heard, if he should so desire, on question of former jeopardy.

New trial.

JOHNSON, J., not sitting.

BOBBITT, J., concurs in result.