## STATE v. PRESTON LUCAS

(Filed 20 November, 1957)

**1. Perjury § 4—**

In a prosecution for subornation of perjury, the State must establish *inter alia*, that the perjurer made the alleged false statement under oath in a court of competent jurisdiction and that such false statement was material to the matter then in issue.

**2. Criminal Law § 168—**

In passing upon defendant's exception to the refusal of his motion to nonsuit, evidence offered by the State without objection must be treated as being before the jury and considered in determining the question of the sufficiency of the evidence.

**3. Perjury § 7—**

In this prosecution for subornation of perjury, the State's evidence that defendant procured false testimony in a prosecution against him, which testimony was under oath before a court of competent jurisdiction and was material to the issue involved in that prosecution, together with proof of the falsity of the oath by the testimony of two witnesses or of one witness and corroborating circumstances, *is held* amply sufficient for submission to the jury.

**4. Perjury § 6—**

In a prosecution for subornation of perjury, testimony of the perjurer and of two other witnesses that the perjurer had pleaded guilty in a prosecution for perjury "growing out of this case," is incompetent as substantive evidence, and is also incompetent as corroborative

STATE *v.* LUCAS.

evidence of the perjurer's testimony in the prosecution for subornation of perjury when it is not made to appear that the perjured testimony was the same or substantially the same in both prosecutions, and defendant's general objection to such testimony should have been sustained.

**5. Perjury § 8—**

In a prosecution for subornation of perjury, the court must charge that the alleged perjury must be established by the testimony of two witnesses or by the testimony of one witness and corroborating circumstances.

**6. Same—**

In a prosecution for subornation of perjury, the court must charge that the perjured testimony procured by defendant must have been material to the issue involved in the action in which the perjured testimony was given.

APPEAL by defendant from *Seawell, J.,* April Term, 1957, of JOHNSTON.

Criminal prosecution for subornation of perjury.

The State, in support of the charges set forth in the bill of indictment, offered evidence tending to establish the facts summarized below.

On Tuesday, November 1, 1955, the car of John Davis was parked on a street in Selma. Defendant drove up on his right side of the street and stopped a short distance from the Davis car. The two cars then faced each other. After making inquiry as to where a certain person lived, defendant attempted to drive away. In so doing he "knocked one headlight off (the Davis car) and beat up another." Defendant, while driving on the Selma street, was under the influence of intoxicating liquor.

On Friday, November 4, 1955, defendant was tried in the Recorder's Court of Selma upon a warrant charging that on said occasion he was operating a motor vehicle upon a public street of Selma while under the influence of intoxicating liquor. At this trial, J. D. Stancil testified that he, not Lucas, drove the Lucas car and parked it in front of the Davis car; that, leaving the Lucas car, he crossed the street to make an inquiry; and that, from his position on the opposite side of the street, he saw a black car, traveling at high speed, come around the corner, "hit the back of the Lucas car," and knock it into the Davis car.

Stancil's said testimony was wholly false. Stancil was at his farm home, some five miles from Selma, when the incident occurred. He had not driven the Lucas car on November 1,

1955, or on any other occasion. Stancil gave said false testimony because of defendant's request and insistence that he do so.

Defendant offered no evidence.

The jury returned a verdict of guilty of subornation of perjury as charged in the bill of indictment. Thereupon, the court pronounced judgment that defendant be confined in the State's Prison for a term of five years. Defendant excepted and appealed, assigning errors.

*Attorney-General Patton and Assistant Attorney-General Love for the State.*
*W. H. Yarborough for defendant, appellant.*

BOBBITT, J. In a former prosecution of this defendant on a fatally defective bill of indictment, judgment was arrested in this Court. *S. v. Lucas,* 244 N.C. 53, 92 S.E. 2d 401. The essential elements of perjury and of subornation of perjury, under G.S. 14-209 and G.S. 14-210 and decisions cited, are stated in opinion by Winborne, J. (now C. J.). It was held that, since "the commission of the crime of perjury is the basic element in the crime of subornation of perjury," G.S. 15-145 and G.S. 15-146, which relate, respectively, to the sufficiency of bills of indictment for perjury and subornation of perjury, are to be read "in reference to each other"; hence, in an indictment charging subornation of perjury the crime of perjury constituting the basis therefor must be set forth in conformity with the requirements prescribed in G.S. 15-145 for an indictment for perjury.

It is noted that the present prosecution is on a bill of indictment drawn in conformity with the requirements of G.S. 15-145 and G.S. 15-146.

Pertinent to the present prosecution, the State was required to establish, *inter alia,* that Stancil made the alleged false statement under oath in a court of competent jurisdiction and that such false statement was material to the matter then in issue. *S. v. Sailor,* 240 N.C. 113, 81 S.E. 2d 191; *S. v. Smith,* 230 N.C. 198. 52 S.E. 2d 348, and cases cited.

It is noted that the State did not offer the warrant or other record of the Recorder's Court of Selma relating to what occurred in that court. See 41 Am. Jur., Perjury, secs. 61-64. However, testimony was offered as to the contents of the warrant and as to the trial; and if this testimony was incompetent, in whole or in part, it was in evidence without objection and for consideration by the jury. *Lambros v. Zrakas,* 234 N.C. 287, 66 S.E. 2d 895, and cases cited.

The court properly overruled defendant's motion for judgment of nonsuit. Under the rule that, in a prosecution for subornation of perjury, the falsity of the oath of the alleged perjurer must be established by the testimony of two witnesses, or one witness and corroborating circumstances, *S. v. Sailor, supra,* and cases cited, the State's evidence was amply sufficient for submission to the jury.

The court admitted, over defendant's general objection, the testimony of Stancil and of two other witnesses that Stancil had pleaded guilty in the Superior Court of Johnston County to an indictment for perjury "growing out of this (case)," that is, the case in the Recorder's Court of Selma; and also the testimony of Stancil that, upon such plea, he had been sentenced and had served his sentence. The testimony as to the imposition and service of sentence would seem to be immaterial but hardly of such prejudice to defendant as to justify a new trial.

As to the asserted incompetency of the testimony relating to Stancil's plea of guilty, our attention is directed to *S. v. Justesen* (Utah), 99 P. 456, and to *Conn v. Commonwealth* (Ky.), 27 S.W. 2d 702, in which, in criminal prosecutions for subornation of perjury, evidence of the alleged perjurer's plea of guilty to an indictment for perjury was held incompetent. We agree that evidence of such plea of guilty is incompetent *as substantive evidence* for the reasons stated in the opinions in the cited cases. But in each of these cases the alleged perjurer did not testify. The situation was analogous to that considered by this Court in *S. v. Kerley,* 246 N.C. 157, 97 S.E. 2d 876.

Here Stancil testified. Hence, our question is whether evidence of such plea of guilty was competent as corroborative evidence. Stancil's plea of guilty to a perjury indictment against him would be competent as corroborative of his testimony *if* it appeared that the perjury indictment to which his plea was addressed charged that he gave the same or substantially the same false testimony as that charged in the present indictment against defendant for subornation of perjury. But neither the Stancil perjury indictment nor evidence of its contents was in evidence; and so there was no basis for the admission as corroborative evidence of the testimony relating to Stancil's plea of guilty thereto. Hence, this evidence was incompetent as corroborative evidence; and its admission, over defendant's general objection, was prejudicial error.

Defendant excepted to the following excerpt from the charge, being the portion thereof in which the court applied the law to the facts, viz.:

"I charge you if you find from the evidence, and beyond a reasonable doubt, that the testimony of J. D. Stancil, a witness in the case of *State v. Preston Lucas,* was false; that it was given by him wilfully and corruptly, knowing it to be false; that the defendant Lucas knew or believed such testimony would be false; that the defendant also knew or believed that the said witness, J. D. Stancil, would wilfully and corruptly so testify, and that the defendant induced or procured the said J. D. Stancil to give such false testimony, then the defendant would be guilty of subornation of perjury, and if you so find beyond a reasonable doubt, it will be your duty to render a verdict of guilty against the defendant of the crime of subornation of perjury as charged in the bill of indictment; . . ."

We are constrained to hold that, while otherwise correct and well expressed, this charge is erroneous for inadvertent failure to instruct the jury on two essential matters, viz.:

1. A failure to instruct the jury that the alleged perjury must be established by the testimony of two witnesses, or by one witness and corroborating circumstances. *S. v. Arthur,* 244 N.C. 582, 94 S.E. 2d 646, and cases cited. In a prosecution for subornation of perjury, the proof of the alleged perjury as well as the indictment must be in conformity with the rules applicable to a prosecution for perjury.

2. A failure to instruct the jury that the State was required to establish, *inter alia,* that Stancil testified in the Recorder's Court of Selma as charged in the bill of indictment. The instruction given is predicated upon a finding by the jury that Stancil's testimony in the Recorder's Court of Selma was false. What was Stancil's testimony in that court? Was it material to the matter then in issue? True, if it were established that Stancil testified in the Recorder's Court of Selma as set forth above in the statement of facts, the materiality of this testimony would appear as a matter of law. But, absent a finding as to what Stancil testified in that court, the materiality of his testimony was not established by a verdict rendered under the instruction given. *S. v. Smith, supra,* and cases cited.

For the reasons stated, a new trial is awarded.

New trial.