STATE v. ED WATKINS.

(Filed 28 March, 1962.)

**1. Perjury § 3—**

　　An indictment for subornation of perjury should charge that defendant did unlawfully, wilfully, and feloniously procure another to wilfully and corruptly commit perjury, and an indictment which fails to charge that defendant procured such person to wilfully and corruptly commit perjury is fatally defective. G.S. 15-146.

**2. Same—**

　　If the State contends that defendant committed perjury or subornation of perjury in regard to testimony in separate prosecutions, the better procedure is to obtain a separate bill of indictment as to each charge.

Sharp, J., took no part in the consideration or decision of this case.

Appeal by the State from *Bundy, J.,* November Criminal Term 1961 of Nash.

This is a criminal action in which defendant Ed Watkins was charged with subornation of perjury in a bill of indictment reading as follows: "That ED WATKINS late of the County of Nash, on the 22nd day of August, in the year of our Lord one thousand nine hundred and sixty-one, with force and arms, at and in the County aforesaid, unlawfully, wilfully and feloniously did procure Billy Eason to commit perjury upon the trial of an action in Superior Court of Nash County wherein the State of North Carolina was plaintiff and Ed Watkins was defendant, the same being case number 9263 on the Criminal Superior Court Docket of Nash County, by falsely asserting on oath that he, the said Billy Eason and Robert Shoemaker had not delivered 13 cases of whiskey or any other amount of whiskey, to Ed Watkins at his home on Holden Street in Raleigh, North Carolina, or any other place and that he, Billy Eason, was not guilty of the crimes of breaking, entering, larceny, and receiving, as alleged in bill of indictment No. 9283, Nash County Superior Court the said matter so testified to as aforesaid being material to said issue being tried in said action, knowing said statement or statements to be false or being ignorant whether or not said statements were true, against the form of the statute in such case made and provided and against the peace and dignity of the State."

Before entering a plea to the bill of indictment, the defendant through his counsel moved to quash said bill of indictment. The motion was granted and the State appealed to the Supreme Court, assigning error.

*Attorney General Bruton, Asst. Attorney General McGalliard for the State.*

*J. C. Keeter, Malcolm B. Seawell for defendant.*

DENNY, C.J.   We think G.S. 15-146 requires that an indictment for subornation of perjury should charge that the defendant did unlawfully, wilfully, and feloniously procure another to wilfully and corruptly commit perjury; that said indictment should designate the court and the nature of the case wherein the alleged perjury occurred, and to set out either the false statement or statements defendant is alleged to have procured another to make, or that the defendant knew said statement or statements to be false, or that he was ignorant as to whether or not such statement or statements were true. *S. v. Lucas,* 244 N.C. 53, 92 S.E. 2d 401.

It will be noted that the bill of indictment in this case does not charge defendant Ed Watkins with procuring Billy Eason to wilfully and corruptly commit perjury.

An examination of the record in the case of *S. v. Lucas,* 247 N.C. 208, 100 S.E. 2d 366, in which this Court held that the bill of indictment had been drawn in conformity with the requirements prescribed in G.S. 15-145 and G.S. 15-146, discloses that the bill charged the defendant "did unlawfully, wilfully, and feloniously procure one J. D. Stancil wilfully and corruptly (to) commit the felony of perjury," *et cetera.*

Furthermore, if there was subornation of perjury or perjury committed in connection with case No. 9283, in which Billy Eason alone was charged with breaking, entering, larceny, and receiving, it would be the better practice to obtain a separate bill of indictment as to such charge.

We think the motion to quash should be upheld.

The Solicitor may procure a proper bill of indictment or such bills of indictment as the facts may warrant.

Affirmed.

SHARP, J., took no part in the consideration or decision of this case.