STATE OF NORTH CAROLINA v. CHARLES ALLEN.

(Filed 18 September 1963.)

**Perjury § 5—**

    Testimony of two or more witnesses as to conflicting statements made by defendant while under oath in courts of competent jurisdiction, but without evidence that the statement upon which the bill of indictment was predicated was the false testimony, is insufficient to be submitted to the jury in a prosecution for perjury.

APPEAL by the defendant from *Pless, J.,* March 1963 Criminal Session of BUNCOMBE.

The defendant was convicted of perjury. This appeal challenges the sufficiency of the evidence to sustain the conviction.

The bill of indictment charged that on February 11, 1963 in the Superior Court of Buncombe County the defendant falsely asserted upon oath in the case of *State v. Earl Chandler* that he was the only person who had broken open and stolen money from certain pay telephones on January 23, 1963, and that he was alone on the occasion. The evidence tended to show the following facts:

On January 26, 1963 the defendant, Jeter Allen, and Earl Chandler were tried in the Asheville Police Court upon charges of malicious damage to the pay telephones described in the bill of indictment in this case and of stealing money from them. Defendant and Jeter Allen entered pleas of guilty; Chandler plead not guilty. In the case against Chandler, defendant was sworn as a witness for the State and testified that he, Jeter Allen, and Chandler broke into four telephones and removed money from them. He swore that Chandler was the one who actually broke open the telephones. Jeter Allen testified that Chandler was with them and drove the car. Chandler was convicted and appealed to the Superior Court. Upon the trial in the Superior Court defendant was again sworn as a State's witness. There he testified that he had been intoxicated when he robbed the telephones and that he did not remember whether anybody else was with him. The police officer who arrested defendant on the night of January 23rd and the detective who questioned him both testified that defendant was not drunk.

In an attempted explanation of his conflicting testimony in the two trials, defendant swore he had testified against Chandler in the Police Court because detectives had threatened to indict him for the possession of burglary tools if he did not.

The only evidence which ever connected Chandler with the crime on January 23rd was the testimony of the defendant and Jeter Allen in the Police Court. Jeter Allen did not testify in the Superior Court.

The verdict was guilty as charged. From the sentence imposed, defendant appealed.

*T. W. Bruton, Attorney General, James F. Bullock Assistant Attorney General for the State.*

*Williams, Williams and Morris by James M. Golding for defendant appellant.*

PER CURIAM. Even if we conceded that the variance between the bill of indictment and the proof is not fatal, the evidence in this case does not meet the legal requirements for a conviction of perjury. In a prosecution for perjury the falsity of the oath must be established by the testimony of two witnesses, or by one witness and corroborating circumstances. *State v. Sailor,* 240 N.C. 113, 81 S.E. 2d 191.

All the evidence tends to show that the defendant, under oath and in a court of competent jurisdiction, made conflicting statements about a matter material to the point in question. While more than two witnesses testified as to these conflicting statements, the State offered no evidence tending to show which statement was false. Therefore, the motion for nonsuit at the close of all the evidence should have been sustained. The Attorney General concedes that this case is indistinguishable from *State v. Sailor, supra.*

The judgment below is

Reversed.