STATE v. WOODROW W. KING.

(Filed 16 June, 1966.)

**1. Perjury § 2—**

The fact that defendant, charged with procuring perjured testimony by a witness at his former trial, obtains a nonsuit on appeal in such former trial, is no defense in the prosecution against him for subornation of perjury, since such judgment of nonsuit in no way establishes the truth of the testimony of the witness at the former trial.

**2. Perjury § 5—**

In a prosecution for perjury or subornation of perjury it is required that the falsity of the oath be established by the testimony of two witnesses, or one witness and corroborating circumstances.

**3. Same—**

The fact that the statement of the alleged suborned witness that he had given false testimony at the former trial at the instance of the accused is corroborated by the testimony of three witnesses that the alleged suborned witness made statements to the effect that he had been suborned by the defendant, *held* not to constitute testimony of adminicular circumstances tending to show the falsity of the oath of the suborned witness, and therefore nonsuit should have been entered.

**4. Criminal Law § 152—**

The testimony of witnesses should be set out in narrative form in the record. Rule of Practice in the Supreme Court No. 19(4).

MOORE, J., not sitting.

APPEAL by defendant from *Latham, S.J.,* 17 January Criminal Session 1966 of ALAMANCE.

Defendant was tried upon a bill of indictment charging him with having suborned one Rainey Harris to commit perjury at the March Criminal Session 1965 of the Superior Court of Alamance County in an action in which the State was plaintiff and Woodrow W. King was defendant, being case No. 84 which charged the defendant Woodrow W. King with the ownership and possession of three

gallons of taxpaid whiskey, the ownership of said taxpaid whiskey being material to the issue being tried in said action; that Woodrow W. King procured the said Rainey Harris to falsely, wilfully and corruptly assert under oath that he, the said Rainey Harris, was the owner of the three gallons of whiskey found upon the premises of Woodrow W. King on 21 November 1964, the said Woodrow W. King knowing at the time that the statement that Rainey Harris was the owner of said three gallons of taxpaid whiskey was false.

Upon the call of the case, upon the original bill of indictment, the defendant filed a written motion to quash the bill of indictment, which was denied.

The court granted the Solicitor's motion to amend the bill of indictment so that it alleged that one gallon of liquor was involved in the trial of this defendant and as falsely claimed by the alleged suborned, rather than three gallons; the property of M. C. Hayes was substituted for defendant's property as the place where the one gallon was found instead of three gallons.

The defendant was convicted in case No. 84 in which the false testimony is alleged to have been given. On appeal from said conviction, the Supreme Court reversed on the ground that the evidence was insufficient to survive the defendant's motion for judgment as of nonsuit.

In the trial of this case, Rainey Harris testified that he had testified falsely in the trial of the case No. 84, having been induced to testify by the defendant that the whiskey involved was his whiskey; that defendant had promised to get him an attorney and pay his fine if he should be indicted as a result of claiming the whiskey; that defendant did not keep his promise and he decided to tell the truth — that he testified falsely, and that he did not own, buy, or have in his possession the whiskey he had testified was his.

Three witnesses were permitted, over objection, to testify as to what the witness Harris told them about having been suborned by the defendant to commit perjury.

The defendant did not offer any evidence in the trial below.

The jury returned a verdict of guilty. From a judgment imposing an active prison sentence, defendant excepted and appeals, assigning error.

*Attorney General Bruton and Assistant Attorney General Bullock for the State.*

*Elreta Melton Alexander for defendant.*

DENNY, E.J. The defendant argues and contends that since the case in which the perjured testimony is alleged to have been given

was nonsuited on appeal to this Court — *State v. King,* 264 N.C. 578, 142 S.E. 2d 130, it is immaterial whether Harris' testimony in that case was material or immaterial to the issue involved. There is no merit in this contention. If, in the trial of King at the March Criminal Session 1965, in the Superior Court of Alamance County, Harris had not sworn that the whiskey involved was his whiskey and not King's, the ultimate result in that case might have been different. In discussing this point in the case of *State v. Leonard,* 236 N.C. 126, 72 S.E. 2d 1, this Court said: *"* * * (W)e cannot hold that a verdict of acquittal is equivalent to an affirmative finding that all of defendant's testimony at the former trial was true. Surely, the law should not permit a defendant by his own perjured testimony to secure a verdict in his favor, with immunity from a charge of perjury, while other witnesses testifying in his defense would be subject to conviction and punishment for false swearing. Such a doctrine would place a premium upon perjury and a penalty upon probity. * * * To hold that a person could go into a court of justice and by perjured testimony secure an acquittal and by that acquittal be shielded from a charge of perjury would be a dangerous doctrine." Certainly this Court will not adopt any such doctrine.

In the case of *State v. Sailor,* 240 N.C. 113, 81 S.E. 2d 191, this Court quoted with approval from the opinion in *Bell v. State,* 5 Ga. App. 701, 63 S.E. 860, as follows: " 'The crime of subornation of perjury consists of two elements — the commission of perjury by the person suborned, and willfully procuring or inducing him to do so by the suborner. The guilt of both the suborned and the suborner must be proved on the trial of the latter. The commission of the crime of perjury is the basic element in the crime of subornation of perjury.' "

The most serious question involved in this appeal is whether or not the court below committed error in overruling the defendant's motion for judgment as of nonsuit interposed at the close of the State's evidence. The correctness of this ruling is challenged by the defendant's assignment of error No. 20.

In a prosecution for perjury or subornation of perjury it is required that the falsity of the oath be established by the testimony of two witnesses, or by one witness and corroborating circumstances, sometimes called adminicular circumstances. *State v. Lucas,* 247 N.C. 208, 100 S.E. 2d 366; *State v. Arthur,* 244 N.C. 582, 94 S.E. 2d 646; *State v. Sailor, supra; State v. Webb,* 228 N.C. 304, 45 S.E. 2d 345; *State v. Hill,* 223 N.C. 711, 28 S.E. 2d 100; *State v. Rhinehart,* 209 N.C. 150, 183 S.E. 388; *State v. Hawkins,* 115 N.C. 712, 20 S.E. 623.

In the instant case we have a witness who swears unequivocally

to the falsity of his testimony in the trial of *State v. King* in the Superior Court of Alamance County at the March Criminal Session 1965. The State then undertook to supply the additional evidence required by putting three officers on the stand, each of whom testified that Harris had told him he testified falsely in the former trial of King. Such evidence does not meet the requirements of the law in a trial for perjury or subornation of perjury. The rule as heretofore stated requires that the falsity of the oath must be established by *two witnesses or by one witness and corroborating circumstances.* The evidence of these officers to the effect that Harris had told them that he had sworn falsely at King's trial in March 1965 did not constitute corroborating circumstances.

The requirement is stated in 70 C.J.S., Perjury, sec. 70c(1) in the following language:

> "The general rule is that the corroborative evidence means evidence *aliunde* which tends to show the perjury independent of any declaration or admission of accused. The corroboration must be by proof of material and independent facts and circumstances, which, taken and considered together, tend in confirmation of the testimony of the single witness to establish the falsity of the oath; and evidence merely showing that the account of the witness is probable will not do. * * *"

The factual situation here seems to be identical with that in the case of *State v. Sailor, supra,* where this Court said:

> "* * * All that the evidence tends to show is that the alleged suborned witness at one trial swore, and at another time stated, that she did not purchase from defendant the whiskey found in her possession, and that she, on another trial swore, and at other times stated, that she did purchase the whiskey from defendant. And while there is testimony of officers, admitted for the purpose of corroboration, and tending to corroborate as to what she had testified and stated, there is no evidence of corroborating circumstances tending to show which statement was false. Indeed, the Attorney-General, in brief filed here, states: 'It is true that all the evidence presented goes directly back to the State's witness * * * the alleged suborned perjurer.' There is no evidence of any independent circumstances. Hence, motion of defendant for judgment as of nonsuit entered at the close of the State's evidence should have been sustained."

In view of the conclusion we have reached, we deem it unnecessary to consider and pass upon the remaining numerous assignments

of error. We do wish, however, to call attention to the state of the record on this appeal. Appellant's counsel apparently made no attempt to comply with the rules of this Court in preparing the case on appeal. The record consists of 190 pages, and the evidence for the most part is set out in question and answer form, in violation of Rule 19(4), Rules of Practice in the Supreme Court, 254 N.C. 800. Moreover, the 33 assignments of error, based on 162 exceptions, cover 48 pages of the record. It so happens that in the instant case the defendant has not been prejudiced by the condition of the record, but if the State's evidence had been sufficient to support the verdict below, the appeal would have been subject to dismissal for failure to comply with the rules of the Court.

The judgment of the court below is

Reversed.

MOORE, J., not sitting.