### STATE v. THURMAN BROWER.

(Filed 2 February, 1968.)

**1. Constitutional Law § 28—**

Where there has been no trial in the inferior court having jurisdiction of the offense charged in the warrant and the cause is transferred to the Superior Court upon defendant's demand for jury trial, trial in the Superior Court upon the original warrant is a nullity.

**2. Criminal Law § 127—**

Where a fatal defect appears on the face of the record, the Supreme Court will, *ex mero motu*, arrest judgment.

APPEAL by defendant from *Armstrong, J.*, September 1967 Criminal Session of RANDOLPH.

Defendant was charged in a warrant with operating a motor vehicle while under the influence of intoxicating liquor. The warrant was returnable to the Recorder's Court of Randolph County. When the case was called for trial, defendant waived trial and moved that the case be transferred to the Superior Court of Randolph County. The motion was allowed. Defendant was tried upon the original warrant in Randolph Superior Court at the September 1967 Session, and the jury returned a verdict of guilty as charged. Upon imposition of sentence, defendant moved in arrest of judgment. This motion was denied, and defendant appealed.

Defendant filed no brief in this Court but filed a motion in arrest of judgment because of defect in the warrant. On 17 October 1967 the Court in Conference denied this motion. The disposition of the case in Recorder's Court was not shown in the record until an addendum to the record was filed on 19 October 1967.

*Attorney General Bruton, Assistant Attorney General Melvin, and Staff Attorney Costen for the State.*

*No counsel contra.*

PER CURIAM. The Recorder's Court of Randolph County had final jurisdiction of the offense charged, subject to defendant's right

of appeal, and no local act authorized transfer from Recorder's Court to Superior Court.

When there has been no trial in the court below of an offense of which it has final jurisdiction (subject to right of appeal to Superior Court), and the cause is transferred to the Superior Court upon waiver of trial and motion for transfer to Superior Court by defendant, trial in Superior Court upon the original warrant is a nullity. *State v. Thomas,* 236 N.C. 454, 73 S.E. 2d 283.

Although defendant did not file a brief with this Court, it appears from the face of the record proper that the conviction and sentence are void, and in such case this Court will, of its own motion, arrest judgment. *State v. Lucas,* 244 N.C. 53, 92 S.E. 2d 401. However, the State may proceed to try defendant for the offense in the proper court.

Judgment arrested.