IN THE MATTER OF: ALLAN EDWARD ROBERTS BORN: APRIL 10, 1955

No. 7021DC243

(Filed 24 June 1970)

1. Perjury § 2— subornation of perjury — requisites of proof
    In a prosecution for subornation of perjury, the falsity of the oath of the alleged perjurer must be established by the testimony of two witnesses, or one witness and corroborating circumstances, sometimes called adminicular circumstances.

2. Perjury § 5— subornation of perjury — sufficiency of evidence
    Testimony by a police officer and by a court family counselor was in-

sufficient to make out a case of subornation of perjury against a juvenile, there being no evidence of corroborating circumstances, where the testimony was merely to the effect that the officer and the counselor both heard the suborned witness, during a hearing on an automobile larceny charge against the juvenile, make two conflicting statements under oath upon a material feature of the case and also state that the juvenile had induced him to make the first statement, which was false.

**3. Criminal Law § 147.5;   Perjury § 2—   power of Court of Appeals to overrule established precedent**

The Court of Appeals is not at liberty to overrule the long line of cases in this jurisdiction which unanimously require two witnesses, or one witness with corroboration, to establish subornation of perjury.

**4. Infants § 10—   juvenile hearing — finding of delinquency**

Where the evidence in a juvenile hearing was insufficient to convict the juvenile of subornation of perjury, there could be no finding that the juvenile was a delinquent. G.S. 7A-278(2).

APPEAL by respondent from *Henderson, District Judge*, 24 January 1970 Session of FORSYTH County District Court.

On 19 November 1969 a petition was filed in Forsyth County District Court alleging that Allan Edward Roberts, a juvenile, is delinquent in that:

"[O]n November 15, 1969, at the Hobby Center at West Salem Shopping Center, and again on November 18, 1969, at Dalton Junior High School, he did procure Leroy Sonny Stanley, III, for the express purpose to suborn and incite said Leroy Sonny Stanley, III, to commit perjury upon the trial of Allan Edward Roberts on November 19, 1969, for the benefit of said Allan Edward Roberts in that he did beg Leroy Sonny Stanley, III, to give false testimony and stated to him, 'I want you to lie for me,' and said Leroy Sonny Stanley acting thereupon did on November 19, 1969, commit perjury."

After a hearing pursuant to G.S. 7A-277, *et seq.*, the court made findings including the following:

"After hearing all the evidence in this case, the Court finds as fact that the defendant did procure, incite and suborn one Leroy Sonny Stanley, III, to give false testimony as a defense witness for him on his trial on November 19, 1969, in which case the Court further finds as fact the said Leroy Sonny Stanley, III, did commit perjury, and that said perjury was the direct result of the defendant Allan Edward Roberts' suborning the said Leroy Sonny Stanley, III, to commit perjury."

The court thereupon ordered and adjudged the respondent a de-

linquent child in need of the protection of the court and ordered that he be committed to the custody of the North Carolina Department of Juvenile Correction to be placed in a training school. The respondent, through privately employed counsel, appealed.

*Robert Morgan, Attorney General, by Rafford E. Jones, Staff Attorney, for the State.*

*Barbara C. Westmoreland for respondent appellant.*

GRAHAM, J.

**[1, 2]**   In a prosecution for subornation of perjury, the falsity of the oath of the alleged perjurer must be established by the testimony of two witnesses, or one witness and corroborating circumstances, sometimes called adminicular circumstances. *State v. King,* 267 N.C. 631, 148 S.E. 2d 647; *State v. Allen,* 260 N.C. 220, 132 S.E. 2d 302; *State v. Lucas,* 247 N.C. 208, 100 S.E. 2d 366; *State v. Sailor,* 240 N.C. 113, 81 S.E. 2d 191. The State contends that the above requirement was met in that two witnesses, a police officer and the court family counselor, testified over objection that each of them heard Sonny Stanley testify under oath in a juvenile proceeding, wherein respondent was alleged to have stolen an automobile, that Stanley and the respondent had not stolen an automobile, but had hitchhiked up to Virginia and Maryland on the date the theft allegedly occurred. The witnesses also testified that later on the same date, Stanley returned into court and they heard him state under oath that he had lied in his earlier testimony in that he and respondent had in fact stolen the automobile. The witnesses also stated that Stanley had told them he had lied because respondent had asked him to do so. The testimony of Stanley tended to show that he had been induced to lie in court by respondent.

We cannot distinguish this case from *State v. Sailor, supra,* where the Supreme Court stated:

"All that the evidence tends to show is that the alleged suborned witness at one trial swore, and at another time stated, that she did not purchase from defendant the whiskey found in her possession, and that she, on another trial swore, and at other times stated, that she did purchase the whiskey from defendant. And while there is testimony of officers, admitted for the purpose of corroboration, and tending to corroborate her as to what she had testified and stated, there is no evidence of corroborating circumstances tending to show which statement was false. Indeed, the Attorney-General, in brief filed here, states:

'It is true that all the evidence presented goes directly back to the State's witness . . . the alleged suborned perjurer.' There is no evidence of any independent circumstance. Hence, motion of defendant for judgment as of nonsuit entered at the close of the State's evidence should have been sustained."

The recent case of *State v. King, supra,* reaffirms the principles of the *Sailor* case.

**[3]** It is true that perjury and the subornation of perjury are reprehensible and socially disturbing acts. It may well be, as the State suggests in its brief, that the better rule would not require two witnesses, or one witness with corroboration to establish subornation of perjury. However, this court is not at liberty to overrule the long line of cases in this jurisdiction which unanimously hold otherwise. Furthermore, we note that the rule followed for so long in this jurisdiction is not without reason. As stated by Justice Seawell in *State v. Hill,* 223 N.C. 711, 715, 28 S.E. 2d 100, ". . . the law, from ancient times, has not been willing to 'take one man's word against another' upon a question of veracity, since, roughly speaking, it merely establishes an equilibrium."

**[2]** The testimony of the police officer and the family counselor in this case simply went directly back to the testimony and statements made by the alleged perjurer. Accordingly, their testimony established no evidence of independent circumstances and under the authority of *Sailor* and *King* the evidence was insufficient to make out a case of subornation of perjury.

**[4]** The remaining question is whether there was sufficient evidence to permit a finding that respondent is a delinquent, even though the evidence was insufficient to convict him of the crime alleged in the petition. G.S. 7A-278(2) defines a delinquent as follows:

"(2) 'Delinquent child' includes any child who has committed any criminal offense under State law or under an ordinance of local government, including violations of the motor vehicle laws or a child who has violated the conditions of his probation under this article."

The case of *In re Alexander* (filed in this court on this date) involved this identical question. There, Parker, J., speaking for the court, stated:

"While juvenile proceedings should not be equated to criminal prosecutions nor should a finding of delinquency in such a proceeding be deemed synonymous with conviction of a crime, *In re Burrus,* 275 N.C. 517, 169 S.E. 2d 879, nevertheless certain

constitutional safeguards apply. *In re Winship,* 397 U.S. 358, 25 L.Ed. 2d 368, 90 S.Ct. 1068; *In re Gault,* 387 U.S. 1, 18 L.Ed. 2d 527, 87 S.Ct. 1428. The majority opinion in *Winship,* which was decided 31 March 1970, held that 'the constitutional safeguard of proof beyond a reasonable doubt is as much required during the adjudicatory stage of a delinquency proceeding as are those constitutional safeguards applied in *Gault* — notice of charges, right to counsel, the rights of confrontation and examination, and the privilege against self-incrimination.' While the record before us does not disclose what standard of proof was applied by the district judge in making the factual determination upon which the order here appealed from is based, the evidence in the present case was not sufficient, if this had been a criminal prosecution against an adult for larceny, even to justify submission of the case to a jury. In such case a judgment of nonsuit would have been required. It is no less required in a case in which a juvenile is involved, regardless of whether the nature of the proceedings require that the juvenile be designated a respondent rather than be designated as a defendant."

Following the principles enunciated by Judge Parker in the above case, we hold that the petition against respondent in this case should have been dismissed. Respondent's assignment of error with respect to the court's failure to do so is well taken.

Reversed.

MALLARD, C.J., and MORRIS, J., concur.