State v. McBride

---

STATE OF NORTH CAROLINA v. TOMMY LEE McBRIDE

No. 7217SC497

(Filed 23 August 1972)

1. Perjury § 2— subornation of perjury — elements of offense

The crime of subornation of perjury consists of two elements: the commission of perjury by the person suborned, and the suborner wilfully procuring or inducing him to do so; hence, the guilt of both the suborned and the suborner must be proved on trial of the latter.

2. Perjury § 2— subornation of perjury — requirement of two witnesses — inapplicability to procurement element

The falsity of the oath of the alleged perjurer must be established in a prosecution for subornation of perjury either by the testimony of two witnesses, or by one witness and corroborating circumstances; however, the same requirement of proving by independent circumstances the commission of perjury does not apply to the procurement element of the offense of subornation of perjury.

**3. Perjury § 5— subornation action — sufficiency of evidence to withstand motion for nonsuit**

State's evidence was sufficient to withstand defendant's motion for nonsuit in a subornation action where two witnesses whose testimony was identical in a prior trial testified that their previous testimony had been false and where there was plenary evidence that defendant had suborned the witnesses to commit perjury.

**4. Criminal Law § 168— jury instructions favorable to defendant — no error**

Defendant in a subornation action cannot complain of jury instructions which place a greater burden of proof on the State than is required by law and consequently are not prejudicial to him.

APPEAL by defendant from *Crissman, Judge,* 12 January 1972 Criminal Session of Superior Court, SURRY County.

On 12 August 1971, a highway patrolman observed defendant operating an automobile in the opposite direction and, knowing that the operator's driver's license had been suspended, made a U-turn and gave pursuit. Defendant accelerated rapidly and never slowed down until he reached his own driveway, some mile and a half away. Defendant ran to the front porch of his house where he was apprehended, placed under arrest, and charged with reckless driving and driving while his license was revoked. At trial on 31 August 1971 in district court, defendant entered pleas of not guilty. John Henry Smith testified under oath on behalf of the defendant that he, not defendant, was driving defendant's automobile at the time in question. Smith further testified that he drove the automobile into defendant's driveway, exited from the vehicle, ran around the house, jumped a fence and escaped through a field. Another witness for defendant, Calvin L. McQueen, testified that he saw Smith drive defendant's automobile into the driveway and then run. Defendant was subsequently charged under separate bills of indictment with suborning Smith and McQueen to commit perjury, and it is from this conviction that defendant appealed.

*Attorney General Morgan, by Associate Attorney Ricks, for the State.*

*John H. Blalock, Jr., and Franklin Smith for defendant appellant.*

MORRIS, Judge.

[1, 2]  The crime of subornation of perjury, punishable under G.S. 14-210, consists of two elements: the commission of perjury by the person suborned, and the suborner willfully procuring or inducing him to do so. Since the commission of the crime of perjury is the basic element in the crime of subornation of perjury, both the guilt of the suborned and the suborner must be proved on trial of the latter. *State v. Sailor,* 240 N.C. 113, 81 S.E. 2d 191 (1954). The falsity of the oath of the alleged perjurer must be established in a prosecution for subornation of perjury either by the testimony of two witnesses, or by one witness and corroborating circumstances, sometimes called admicular circumstances. *In re Roberts,* 8 N.C. App. 513, 174 S.E. 2d 667 (1970), and authorities cited therein. The requirement in our law of proving the falsity of the oath by two witnesses or by one witness and corroborating circumstances is well established, and the reasons for its existence sound. *State v. King,* 267 N.C. 631, 148 S.E. 2d 647 (1966); *In re Roberts, supra.* However, the same requirement of proving by independent circumstances the commission of perjury does not, as defendant contends, apply to the procurement element of the offense of subornation of perjury.

[3]  The evidence that Smith's testimony was false was proven: by his admission, "[t]he testimony that I gave in the trial of this case was false. I knew it was false. Tommy McBride knew that it was false"; and by McQueen's admitting that his testimony at the first trial—identical in content to Smith's—was false. There was also plenary evidence that defendant suborned Smith to commit perjury. There was then sufficient evidence to survive defendant's motion for nonsuit, and this assignment of error is overruled.

The evidence that McQueen's testimony was false was proven: by his admission, "[t]he testimony that I gave in the District Court after having been sworn was false. I know that it was false"; and by Smith's admission that his testimony at the first trial—identical in content to McQueen's—was false. There was sufficient evidence that defendant suborned McQueen to commit perjury, and thus the trial court properly denied defendant's motion for nonsuit. This assignment of error is likewise overruled.

[4] Defendant's other assignments of error are directed to the trial judge's instructions to the jury. Although defendant failed to make timely objection to the judge's statement of the parties' contentions, we have considered them and believe them to be a fair and accurate statement of the evidence. *State v. Brown*, 13 N.C. App. 280, 185 S.E. 2d 486 (1971). Defendant further contends the trial judge erred in charging the jury that the falsity of the oaths by Smith and McQueen and the procurement of the perjured testimony by defendant must be proved by the testimony of two witnesses or by one witness and corroborative circumstances. Certainly defendant cannot now on appeal complain of a charge which, as previously discussed, places on the State an extra burden of proof not required under our law. The error if any was not prejudicial. We find

No error.

Judges BROCK and HEDRICK concur.