In re Gooding

No error.

Chief Judge BROCK and Judge MARTIN concur.

IN THE MATTER OF: LAWRENCE GOODING, AGE 15

No. 748DC799

(Filed 6 November 1974)

1. Infants § 10— delinquency proceeding — proof beyond reasonable doubt required

   Proof beyond a reasonable doubt is constitutionally required during the adjudicatory stage of a juvenile delinquency proceeding.

2. Infants § 10— delinquency proceeding — larceny from supermarket — sufficiency of evidence

   Evidence was insufficient to support the trial court's findings that the child wilfully concealed merchandise on or about his person and that he was delinquent as defined in G.S. 7A-278(2) where such evidence tended to show that the child took a paper bag from the meat counter of a supermarket, placed an apple pie and a quart of beer therein, and proceeded up one of the aisles of the store toward the check-out counter with the bag in his hand.

APPEAL by respondent child from Pate, District Judge, 3 May 1974 Session of District Court held in LENOIR County.

This juvenile delinquency proceeding was commenced against respondent, a 15-year-old boy, by petition signed by Clara H. Sparrow in which it is alleged that respondent was "a delinquent child as defined by G.S. 7A-278(2) in that at and in the county named above and on or about the 16th day of February 1974, the child did unlawfully and wilfully and without authority conceal an apple pie and a quart of Schlitz beer of Raynor's Super Market, while still upon the premises of the store and not having therefore purchased such merchandise," in violation of G.S. 14-72.1.

Evidence presented at the hearing, as summarized by the district judge, was as follows:

Clara Sparrow testified:

"That she was a clerk in Raynor's Super Market on the 18th day of February, 1974. That on said date she saw the defendant, Lawrence Gooding, enter Raynor's Super

In re Gooding

Market and further saw said defendant go to the meat counter where he picked up a brown paper bag from a supply maintained there. Said child then proceeded to pick up an Apple Pie and a Quart of Schlitz Beer and placed them in the paper bag. The child then proceeded up one of the aisles in the grocery store toward the check-out counter with the paper bag in his hand. The witness had called the police and at this point the police arrived in the store. The child dropped the paper bag when the police arrived. The witness stated that the bag had been held by the child in his hand and not concealed."

Tessie Wiggins testified:

"That she was a clerk in Raynor's Super Market on the 18th day of February, 1974. The balance of TESSIE WIGGINS' testimony was substantially the same as the testimony of CLARA SPARROW."

The respondent child testified:

"That he was in Raynor's Super Market on February 18, 1974. That he did place the Apple Pie and Quart of Schlitz Beer in a paper bag on said occasison. That he had placed said items in the paper bag because they were cold. That when the police came in he was heading toward the check-out counter to pay for said goods and had $5.00 on his person at the time."

On the foregoing evidence the court found that the child did willfully conceal merchandise on or about his person as alleged in the petition and that he was delinquent as defined in G.S. 7A-278(2). On these findings the court ordered that the child "be returned to the custody of the N. C. Board of Youth Development for an indefinite term to be assigned to whatever facility operated by said Board is found to be in the best interest of this child." From this order, the child appeals.

*Attorney General Carson by Assistant Attorney General Reed for the State.*

*Everette L. Wooten, Jr. for respondent appellant.*

PARKER, Judge.

[1, 2]  Since the decision of the United States Supreme Court in *In re Winship*, 397 U.S. 358, 25 L.Ed. 2d 368, 90 S.Ct. 1068

(1970), proof beyond a reasonable doubt is constitutionally required during the adjudicatory stage of a juvenile delinquency proceeding. Although the record in the present case does not disclose what standard of proof was applied by the district judge in making the factual determination on which his order is based, in our opinion the evidence was not sufficient, had this been a criminal prosecution against an adult, to justify submission of the case to a jury. In such case nonsuit would have been required. It is no less required in this case in which a juvenile is involved. *In re Alexander,* 8 N.C. App. 517, 174 S.E. 2d 664 (1970).

Judgment reversed, and the proceeding is dismissed.

Chief Judge BROCK and Judge MARTIN concur.