STATE OF NORTH CAROLINA v. JOHN HAMLIN RENNICK

No. 7020SC179

(Filed 27 May 1970)

1. **Automobiles § 127— drunken driving — sufficiency of evidence**

The State's evidence was sufficient to be submitted to the jury on the issue of defendant's guilt of drunken driving where it tended to show that defendant was driving his automobile partially off the pavement, that defendant appeared to be in a dazed condition, and that defendant had an odor of some intoxicating beverage about him and was in a staggering condition.

2. **Automobiles § 126; Criminal Law § 99— expression of opinion by the court — question as to whether defendant took breathalyzer**

In this drunken driving prosecution, the trial judge did not express an opinion when he asked a witness whether defendant took the breathalyzer test, the question serving only to clarify the testimony of the witness.

3. **Criminal Law § 114; Automobiles § 129— instructions — expression of opinion**

In this drunken driving prosecution, the trial court did not express an opinion by statement in the instructions that "the offense charged here was committed against the peace and dignity of the State" where the court was reading the warrant upon which defendant was being tried.

4. **Criminal Law § 168— instructions — jury's recollection of evidence — harmless error**

Statement by the court in its instructions that "if your recollection of

the testimony is different from what somebody says, then you take your own recollection, yours as determined from the evidence," *held* not to constitute prejudicial error when considered in context, it appearing from previous portions of the charge that "somebody" referred to defendant's attorney and the solicitor.

**5. Criminal Law § 118; Automobiles § 129— expression of opinion — instructions on contentions of the State**

In this drunken driving prosecution, the trial court did not express an opinion that certain facts were fully proven in portion of the charge in which the court reviewed the State's contentions where the court clearly informed the jury that it was stating the State's contentions and reviewing the State's evidence.

APPEAL from *Crissman, J.,* 3 November 1969 Criminal Session, UNION County Superior Court.

This was a criminal action in which the defendant, John Hamlin Rennick, was charged with driving an automobile on the public highway while under the influence of intoxicating liquor and with using profane and indecent language. The defendant was tried and convicted on both charges in the District Court of Union County, and from the judgment of the said District Court, he appealed to the Superior Court of Union County. In the Superior Court defendant was found guilty by a jury of both charges. Motion in arrest of judgment was allowed in Superior Court in the case charging the defendant with the use of profane and indecent language. From the judgment of the Superior Court in the case wherein the defendant was charged with operating a motor vehicle on a public highway while under the influence of an intoxicating beverage, the defendant appealed to the Court of Appeals assigning error.

*Robert Morgan, Attorney General, William W. Melvin, Assistant Attorney General, and T. Buie Costen, Staff Attorney, for the State.*

*W. B. Nivens for the defendant.*

HEDRICK, J.

[1] The defendant assigns as error the court's overruling his motion for judgment as of nonsuit. It is elementary law in this jurisdiction that upon consideration of a motion for judgment as of nonsuit the evidence will be taken in the light most favorable to the State with the State entitled to every reasonable inference deducible therefrom. Jerry Dove, a North Carolina Highway Patrolman, in summary testified that he first saw the defendant driving his automobile on U.S. Highway #74 in Union County, and that he followed the

defendant's motor vehicle for about one-tenth of a mile along Highway #74 until it turned into rural paved road #1196; that the automobile was being driven by the defendant partially off the pavement, and that when the automobile stopped he observed the defendant who appeared to be in a dazed condition. The patrolman further testified that he observed an odor of some intoxicating beverage about the person of the defendant and that the defendant was in a staggering condition. The officer testified that in his opinion the defendant was under the influence of some intoxicating beverage when he saw him operating the automobile on U.S. Highway #74. The evidence was clearly sufficient to carry the case to the jury over the defendant's motion for judgment as of nonsuit.

[2]     The appellant contends that the trial judge committed prejudicial error by expressing an opinion on the evidence, in violation of G.S. 1-180, when he asked "Did the defendant take it (the breathalyzer)?" It is proper, and often necessary, that judges ask questions of witnesses which are designed to obtain a proper understanding and clarification of the witnesses' testimony. *State v. Colson*, 274 N.C. 295, 163 S.E. 2d 376 (1968). We have examined the question asked in the present case and in our opinion it served only to clarify the testimony of the witness and did not amount to an expression of opinion by the judge.

[3]     The defendant took exception to several portions of the judge's charge. We have examined each portion of the charge to which the defendant objected and have found no prejudicial error. The judge charged the jury as follows:

> ". . . the other is case #69-1634, which charge is in the District Court by warrant as follows: The undersigned, J. D. Dove, being duly sworn, deposes and says that at and in the county named above, on or about the 21st day of March 1969, the defendant named above did unlawfully use profane and indecent language in the Monroe Police Department in a loud and boistrous (sic) manner in front of two or more persons.

> "The charge . . . the offense charged here was committed against the peace and dignity of the State, in violation of the law."

The judge in this case was obviously reading the warrant upon which the defendant was being tried. This cannot be held to be an expression of opinion by the trial judge. This instruction constitutes merely a discharge of the court's duty to declare and explain the law of the case. G.S. 1-180. This is analogous to the situation in

*State v. Butler,* 269 N.C. 733, 153 S.E. 2d 477 (1967), where the court, in charging the jury, read the statute upon which the indictment was based and pointed out the material parts of the statute which applied to the charge against the defendant. Our Supreme Court held in that case that "[t]his instruction was in keeping with the requirements of G.S. 1-180 which makes it the duty of the judge to declare and explain the law of the case."

**[4]**  The appellant excepted to the following portion of the court's charge:

> "3If your recollection of the testimony is different from what somebody says, then you take your own recollection, yours as determined from the evidence.4"

The foregoing quotation is lifted out of context. It is obvious from reading the portion just prior to that objected to that the "somebody" referred to in the last paragraph was the defendant's attorney or the solicitor. This portion of the charge is without prejudicial error. *State v. Biggerstaff,* 226 N.C. 603, 39 S.E. 2d 619 (1946).

**[5]**  Finally, the appellant contends that the court erred when it charged the jury as follows:

> "The State says and contends that this is a clear cut case of a person being out on a highway late at night while highly intoxicated. The State says and contends that all the evidence tends to show that the defendant was drinking of alcohol on this occasion and that he did not appear to be under control of his mental or bodily faculties and that as a result he was driving in that condition on the highway and that as a result of it he used profane and loud, boistrous (sic) language in front of two or more people in the presence of two or more people in a public place, in the police station on that night; and the State says and contends that he is guilty."

This exception is without merit. In *State v. Jessup,* 219 N.C. 620, 14 S.E. 2d 668 (1941), the North Carolina Supreme Court held that a charge which reviews the State's evidence cannot be held erroneous as an expression of opinion that certain facts were fully proven when it appears that the court categorically indicated to the jury it was reviewing the State's evidence. This is applicable to the present case. The court clearly indicated to the jury that it was stating the State's contentions and reviewing the State's evidence.

We have considered all appellant's exceptions and assignments

of error and conclude that the defendant had a fair trial free of prejudicial error.

No error.

BROCK and BRITT, JJ., concur.