STATE OF NORTH CAROLINA v. RICHARD R. CARTWRIGHT, JR.

No. 7117SC405

(Filed 14 July 1971)

**Automobiles § 127— drunken driving — sufficiency of ·evidence**

> The State's evidence was sufficient to be submitted to the jury on the issue of defendant's guilt of drunken driving where it tended to show that defendant was driving on the wrong side of the road, and that he had a strong odor of alcohol about him, was unsteady on his feet and had half a fifth of whiskey in his truck.

APPEAL by defendant from *Seay, Superior Court Judge,* 1 February 1971 Session of STOKES County Superior Court.

The defendant was tried on a valid warrant charging him with operating a motor vehicle on one of the public highways of the State of North Carolina while under the influence of intoxicating liquors. This would be in violation of G.S. 20-138. The jury found the defendant guilty of the offense charged; and from the imposition of a valid sentence, the defendant appealed.

*Attorney General Robert Morgan and Assistant Attorneys General William W. Melvin and T. Buie Costen for the State.*

*Powell and Powell by Harrell Powell, Jr., and Edward L. Powell for defendant appellant.*

CAMPBELL, Judge.

Defendant assigns no error to the charge of the court and presents for review the one question as to whether or not the evidence taken in the light strongest for the State presented a case for the jury. We are of the opinion that it does. W. C. Blalock, a member of the North Carolina Highway Patrol, testified that on Saturday night, 6 December 1969, at approximately 11:30 p.m., he was traveling north in his patrol car on North Carolina Highway No. 704 going towards Prestonville. Deputy Sheriff Nolaska Allen was with Patrolman Blalock. Blalock testified he "met a 1964 International truck on my side of the road. It ran me out of the road on the right. I immediately turned around and it was approximately a quarter of a mile where N.C. 704 intersects N.C. 772 and 704, he made a left turn in the eastwardly direction toward Madison. I pro-

---

State v. Cartwright

---

ceeded behind the truck and I blew the siren and the truck with the two wheels on the right pulled off on the shoulder leaving most of the truck on the highway. I went to the vehicle and Cartwright, the subject, was under the wheel of the truck. There was a strong odor of alcohol on the subject, there was approximately a pint of taxpaid liquor, it was a fifth bottle and it was open and the seal was broken and half of it gone. Mr. Cartwright was unsteady on his feet. I advised him that he was charged with operating a motor vehicle on the public highways while under the influence of some intoxicating beverage and also illegal possession of whiskey. I saw him operating on the public highways in that condition approximately three-quarters of a mile from the time I met and turned on him he was in my sight the whole time."

Officer Blalock further testified that based upon his observation and examination of the defendant he had an opinion satisfactory to himself as to the condition of the defendant, and in his opinion, "[h]e was intoxicated." This was sufficient evidence to carry the case to the jury.

In the case of *Atkins v. Moye*, 277 N.C. 179, 176 S.E. 2d 789 (1970), omitting citations, it is stated:

"An odor of alcohol on the breath of the driver of an automobile is evidence that he has been drinking. However, an odor, *standing alone*, is no evidence that he is under the influence of an intoxicant, and the *mere* fact that one has had a drink will not support such a finding. Notwithstanding, the '[f]act that a motorist has been drinking, when considered in connection with faulty driving . . . or other conduct indicating an impairment of physical or mental faculties, is sufficient *prima facie* to show a violation of G.S. 20-138.' "

Likewise, see the case of *State v. Rennick,* 8 N.C. App. 270, 174 S.E. 2d 122 (1970), where evidence similar to that in this case was held sufficient to carry the case to the jury over the defendant's motion for judgment as of nonsuit.

It is interesting to note that Deputy Sheriff Allen, who was with Patrolman Blalock on the occasion, testified that he also had an opinion satisfactory to himself as to the condition of the defendant based upon his observation of the defendant. Although this was developed in the testimony, for some un-

known reason the record does not disclose that the Solicitor for the State ever asked what the opinion was.

In the trial of the Superior Court we find

No error.

Chief Judge MALLARD and Judge HEDRICK concur.