STATE OF NORTH CAROLINA v. JERRY NELSON BROWN

No. 715SC641

(Filed 29 December 1971)

1. **Automobiles §§ 3, 125— Uniform Traffic Ticket — sufficiency as a warrant**

    Uniform Traffic Ticket used as a warrant sufficiently charged the offenses of driving under the influence of intoxicants and driving while license was suspended.

2. **Criminal Law § 162— failure to object — waiver of objection**

    Defendant waived objection to an officer's testimony that defendant admitted that he had drunk five pints of liquor by failing to object when the testimony was offered.

State v. Brown

3. Criminal Law § 169— admission of evidence elicited by defendant

Defendant may not complain of evidence elicited by him on cross-examination even if the evidence is prejudicial.

4. Criminal Law § 169— objection to testimony — same testimony previously admitted without objection

In a prosecution for drunken driving and driving while license was suspended, the trial court did not err in the admission over objection of an officer's testimony on redirect that defendant admitted he was driving the automobile where the same testimony had previously been elicited on cross-examination by defendant.

5. Automobiles §§ 3, 127— sufficiency of evidence that defendant was driver

In this prosecution for drunken driving and driving while license was suspended, the State presented sufficient evidence that defendant was driving the automobile for the cases to be submitted to the jury, where the State's evidence tended to show that defendant was found in an intoxicated condition behind the wheel of an automobile only 30 seconds after the automobile swerved across the road into a ditch and that defendant admitted to an officer that he was driving the automobile.

6. Criminal Law § 114— statement of contentions — expression of opinion

Statement by the court in the charge did not constitute an expression of opinion on the evidence where the court clearly informed the jury that it was stating the contentions of the State.

7. Criminal Law § 118— objections to statement of contentions — waiver

Objections to the statement of contentions and to the review of the evidence must be made before the jury retires or they are waived.

APPEAL by defendant from *Fountain, Judge,* 24 May 1971 Session of NEW HANOVER Superior Court.

The defendant was charged in a warrant with driving under the influence of intoxicating liquor and driving during revocation of operator's license. The North Carolina Uniform Traffic Ticket was the form used for the warrant.

At the trial the defendant made a motion to quash the warrant and the motion was denied. The defendant entered a plea of not guilty.

The State's evidence tends to show that:

On 27 February 1971, J. H. Temple, H. M. O'Sullivan and a Sgt. Burnett, all deputies of the New Hanover County Sheriff's Department, were on duty driving on Oleander Drive toward Wrightsville Beach at about 11:30 p.m. As they approached an

intersection, a car heading in the other direction turned across the road in front of them as though to enter a driveway. There was no driveway and the car went into the ditch at the side of the road. The officers stopped about three car lengths from it and got out and went back to the car. The car started backing out of the ditch. After it had backed about one foot, Deputy Temple ordered the driver to stop and he did. Upon arriving at the car, the officers found a man in an intoxicated condition in the right-hand seat and the defendant, Jerry Nelson Brown, sitting behind the steering wheel. It took the officers approximately 30 seconds to stop their car and go back to the car in the ditch. The officers testified that it was dark and they could not see who was driving the car as it turned across the road or as it attempted to back out of the ditch. They saw no one change places in the car.

Within a few minutes after the car entered the ditch, Officer G. W. Kimery of the North Carolina Highway Patrol arrived on the scene and took over the investigation. Officer Kimery testified that defendant smelled of alcohol and was unsteady on his feet. The defendant was belligerent and un-cooperative. He was placed under arrest and taken to the sheriff's office. Officer Kimery testified, without objection, that the defendant denied driving the automobile when first questioned about it. On cross examination Officer Kimery testified that, en route to the courthouse, defendant admitted driving the automobile and then denied it at the sheriff's office.

The defendant refused to take a breathalyzer test. Officer Kimery testified that he formed an opinion that defendant was under the influence of an intoxicating beverage. He testified without objection that defendant admitted drinking five pints of liquor.

The State introduced a record from the Department of Motor Vehicles showing that defendant's license was in suspension on 27 February 1971.

The defendant took the stand and testified that he had been drinking all day and riding with a James P. Carroll, who was the owner and driver of the automobile. He testified that at the time the automobile went into the ditch, he was asleep in the back seat. He awoke when the car struck the ditch. He jumped into the front seat and asked Mr. Carroll, "Who was

driving?" Mr. Carroll replied that it was Charlie. He testified that the police officers arrived at that time and that he did not have time to move the car. He did not know who Charlie was or where he went.

The defendant testified that he admitted driving the car because Officer Kimery kept "hammering and hounding" him.

The defendant made motions to dismiss at the close of the State's evidence and at the close of all the evidence. The motions were denied.

The jury returned a verdict of guilty on both counts and judgment was entered on the verdict.

From the verdict and judgment, defendant appeals.

*Attorney General Robert Morgan by Assistant Attorneys General William W. Melvin and William B. Ray for the State.*

*Yow and Yow by Lionel L. Yow for defendant appellant.*

CAMPBELL, Judge

The defendant raises four questions on appeal.

1. Was the warrant sufficient to withstand defendant's motion to quash?

2. Did the court err in admitting statements made by defendant to the arresting officer?

3. Did the court err in denying defendant's motions to dismiss at the close of the State's evidence and at the close of all the evidence?

4. Did the trial judge express an opinion on the evidence in his charge to the jury?

When the case came on for trial, the defendant moved to quash the warrant. The State moved to amend the warrant, but the court made no ruling on the State's motion. We therefore, presume the warrant to be in its original form.

The warrant was a North Carolina Uniform Traffic Ticket. Its pertinent parts are as follows:

| "Violation Day/Wk. | Mo. | Date | Time | On (Highway No./Street) |
|---|---|---|---|---|
| Sat. | 2 | 27 1971 | 11:40 p.m. | U S 76 |

\*   \*   \*   \*

State v. Brown

In the District Court Wilmington, N. C. The affiant, being duly sworn, says that the above-named defendant, on or about the above-stated violation date in the above-named county, did unlawfully and willfully operate the above-described motor vehicle on a street or highway:

5. X While under the influence of intoxicating liquor

7. X By driving during revocation of operator's license.

In violation of, and contrary to, the form of the statute in such cases made and provided and against the peace and dignity of the State."

The defendant contends that the warrant is defective as to the second count in that the statement of the second count is not complete in itself, the averment that the defendant was driving on a public highway being separated by the first count from the averment that his license had been revoked. The defendant relies on the quotation from *State v. McCollum*, 181 N.C. 584, 107 S.E. 309 (1921) that "in an indictment consisting of several counts that each count should be complete in itself."

[1] We note that the defendant in the instant case was tried on a warrant, not a bill of indictment, and a warrant and the affidavit upon which it is based are tested by rules less stringent than those applicable to indictments. *State v. Teasley*, 9 N.C. App. 477, 176 S.E. 2d 838 (1970). All that is required is that it be sufficient in form to express the charge against the defendant in plain, intelligible, and explicit manner, and to contain sufficient matter to enable the court to proceed to judgment and thus bar another prosecution for the same offense. *State v. Hammonds*, 241 N.C. 226, 85 S.E. 2d 133 (1954). Warrants should not be quashed for mere refinements or informalities which could not possibly have been prejudicial to the rights of defendants in the trial court. *State v. Hammonds, supra*. The warrant before us fully advised the defendant of the charges against him. All essential elements of the offenses were set forth in the warrant. The defendant could not be prejudiced by being tried on this warrant.

We find no error in the trial court's denial of defendant's motion to quash.

State v. Brown

The defendant assigns as error the trial court's denial of defendant's motions to strike and objections to portions of Officer Kimery's testimony in which the witness stated that defendant had made certain admissions to him. The defendant contends that the arrest of defendant by Officer Kimery was illegal, the crime not having been committed in Kimery's presence, and therefore the defendant's admissions are tainted and inadmissible. A decision in this case does not require us to reach the issues raised by defendant.

[2] The record reveals that the defendant made two crucial admissions to Officer Kimery: 1. that he had had five pints of liquor; and 2. that he was driving the automobile. The defendant did not object or move to strike when Officer Kimery testified that defendant admitted having had five pints of liquor. By not making objection when the testimony was offered, the defendant waived any objection he had to this testimony. *State v. Camp*, 266 N.C. 626, 146 S.E. 2d 643 (1966).

[3, 4] The testimony that defendant admitted driving the automobile was first elicited on cross examination by defendant. On redirect defendant objected to Officer Kimery's testimony that defendant admitted driving the automobile. The objection was overruled, but the testimony was almost identical to that elicited on cross examination. Even if the evidence is prejudicial, the defendant may not complain of evidence elicited by him on cross examination. *State v. Fletcher* and *State v. Arnold*, 279 N.C. 85, 181 S.E. 2d 405 (1971); *State v. Burton*, 256 N.C. 464, 124 S.E. 2d 108 (1962). It is not necessary for us to decide whether it was proper to overrule defendant's objection to Officer Kimery's testimony on redirect examination. The admission of incompetent evidence will not be held prejudicial where substantially the same evidence has been theretofore admitted without objection. *State v. Wright*, 270 N.C. 158, 153 S.E. 2d 883 (1967). Stansbury, N. C. Evidence, 2d Ed., § 30. The admission of Officer Kimery's testimony in this case was not error.

[5] The defendant contends that if the testimony of Officer Kimery is excluded, there is no evidence that defendant was driving the automobile and therefore defendant's motions to dismiss should have been allowed. We have ruled that Officer Kimery's testimony was properly admitted. We have nevertheless examined all the evidence in this case, and we find ample evidence, other than defendant's admissions to Officer Kimery,

State v. Brown

to go to the jury. Construed in the light most favorable to the State, as it must be in ruling on a motion to nonsuit, the evidence shows that defendant was found in an intoxicated condition behind the wheel of an automobile only 30 seconds after the automobile swerved across a highway and into a ditch. On motion to dismiss the State is entitled to the benefit of every reasonable intendment on the evidence and every reasonable inference from the evidence. *State v. Hammonds,* 216 N.C. 67, 3 S.E. 2d 439 (1939). So viewed, there is competent evidence to support the allegation against the defendant, and the case was for the jury. The denial of the defendant's motions to dismiss was proper.

[6]   The defendant's final argument is that the trial court expressed an opinion on the evidence through an inaccurate statement of the evidence. The defendant contends that it was prejudicial error for the judge to charge that "he [defendant] either took the car out of gear or cut the motor off." We do not agree. This statement was made while the judge was recapitulating the State's evidence. The judge made it clear to the jury that he was giving the State's contentions by the words "The State has offered evidence which it contends to show that . . . . " A charge which reviews the State's evidence cannot be held erroneous as an expression of opinion that certain facts were fully proven when the court categorically indicated to the jury that it was reviewing the State's evidence. *State v. Rennick,* 8 N.C. App. 270, 174 S.E. 2d 122 (1970).

[7]   Objections to the statement of contentions and to the review of the evidence must be made before the jury retires or they are waived. *State v. Saunders,* 245 N.C. 338, 95 S.E. 2d 876 (1957). In the instant case defendant failed to object to the charge at the proper time. Nevertheless, we have considered the statements in question as well as the entire charge. We do not find prejudice in the court's charge.

Defendant having failed to show prejudicial error, the verdict and judgment will not be disturbed.

No error.

Judges MORRIS and PARKER concur.